Citation Nr: 1452687 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 09-28 848 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for bladder and bowel incontinence, for accrued purposes, to include as secondary to service-connected diabetes mellitus.


REPRESENTATION

Appellant represented by: National Association of County Veterans Service Officers


ATTORNEY FOR THE BOARD

N. T. Werner, Counsel


INTRODUCTION

The Veteran served on active duty from June 1966 to April 1969. He died in March 2008. The appellant is his surviving spouse.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

In March 2014, the Board remanded the above issue for the issuance of a supplemental statement of the case to consider additional evidence added to the claims file. While the appeal was in remand status, a supplemental statement of the case was issued in September 2014. Therefore, the Board finds that there has been compliance with the Board's remand directions and no further discussion of the remand is required. See Stegall v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

The preponderance of the evidence shows that the Veteran's bladder and bowel incontinence is not related to service and it was not caused or aggravated by his service-connected diabetes mellitus.


CONCLUSION OF LAW

The criteria for service connection for bladder and bowel incontinence, for accrued purposes, have been met. 38 U.S.C.A. §§ 1110, 5100, 5102, 5103, 5103A, 5107, 5121 (West 2013 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310, 3.1000 (2014). 


REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2013 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). 

Under 38 U.S.C.A. § 5102 VA first has a duty to provide an appropriate claim form, instructions for completing it, and notice of information necessary to complete the claim if it is incomplete. Second, under 38 U.S.C.A. § 5103(a), VA has a duty to notify the claimant of the information and evidence needed to substantiate and complete a claim, i.e., existence of a current disability, the degree of disability, and the effective date of any disability benefits. The appellant must also be notified of what specific evidence she is to provide and what evidence VA will attempt to obtain. Third, VA has a duty to assist claimants in obtaining evidence needed to substantiate a claim. This includes obtaining all relevant evidence adequately identified in the record and, in some cases, affording VA examinations. 38 U.S.C.A. § 5103A. 

In Dingess v. Nicholson, 19 Vet. App. 473, 490 (2006), the United States Court of Appeals for Veterans Claims (Court) observed that a claim of entitlement to service connection consists of five elements, of which notice must be provided prior to the initial adjudication: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date. See 38 U.S.C. § 5103(a). 

Initially, the Board finds that letters dated in September 2005, February 2007, and April 2007 provided the appellant with notice that fulfills the provisions of 38 U.S.C.A. § 5103(a) including notice of the laws and regulations governing disability ratings and effective dates as required by the Court in Dingess. Moreover, even if the appellant was not provided adequate 38 U.S.C.A. § 5103(a) notice prior to the adjudication of the claim, the Board finds that providing her with adequate notice in the above letters followed by a readjudication of the claim in the September 2014 supplemental statement of the case "cures" any timing problem associated with inadequate notice or the lack of notice prior to the initial adjudication. Mayfield v. Nicholson, 20 Vet. App. 537 (2006) (Mayfield III), citing Mayfield II, 444 F.3d at 1333-34. The Board also finds that even if VA had an obligation to provide the appellant with additional 38 U.S.C.A. § 5103(a) notice and failed to do so this notice problem does not constitute prejudicial error in this case because the record reflects that a reasonable person could be expected to understand what was needed to substantiate the claim after reading the above letters, the rating decision, the statements of the case, the supplemental statements of the case, and the Board remand. See Shinseki v. Sanders, 129 S.Ct. 1696 (2009). 

As to the duty to assist, the Board finds that VA has secured all available and identified pertinent in-service and post-service evidence including the Veteran's service treatment records as well as his records from Dr. Jenkins, Spring Gate, Methodist University, Overtone Park Health Care Center, and the Memphis VA Medical Center.

In this regard, the record shows that while the Veteran was in receipt of Social Security Administration (SSA) disability benefits prior to his death, these records do not appear in the claims file. Similarly, the record does not show that VA obtained a medical opinion as to the relationship, if any, between the Veteran's bladder and bowel incontinence and his military service as well as his service-connected diabetes mellitus. However, the adjudication of an accrued claim is limited to the evidence physically or constructively of record at the time of the Veteran's death. 38 C.F.R. § 3.1000(a); see also Ralston v. West, 13 Vet. App. 108, 113 (1999); Hayes v. Brown, 4 Vet. App. 353, 360-61 (1993). Thus, the Board finds that a remand to obtain this evidence is not required.

In summary, the facts relevant to this appeal have been properly developed and there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. §§ 5103(a), 5103A or 38 C.F.R. § 3.159. Therefore, the appellant will not be prejudiced as a result of the Board proceeding to the merits of the appeal. See Bernard v. Brown, 4 Vet. App. 384, 392-94 (1993). 

In adjudicating the claim below, the Board has reviewed all of the evidence in the claims files including the VBMS and virtual VA claims files. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that all the evidence submitted by the appellant or obtained on her behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claim files show, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

The Claim

The appellant and her representative contend, in substance, that the Veteran's bladder and bowel incontinence is not related to his service and/or his service-connected diabetes mellitus.

At the time of his death, the Veteran had pending claims of service connection for bladder and bowel incontinence. When a Veteran had a claim pending at the time of his death, his surviving spouse may be paid periodic monetary benefits to which he was entitled at the time of his death, and which were due and unpaid for a period not to exceed two years, based on existing ratings or decisions or other evidence that was on file when he died. 38 U.S.C.A. § 5121; 38 C.F.R. § 3.1000; Jones v. West, 136 F.3d 1296 (Fed. Cir. 1998). Although the appellant's claim for accrued benefits is separate from the claims that the Veteran filed prior to his death, the accrued benefits claim is "derivative of" the Veteran's claims and the appellant takes the Veteran's claims as they stood on the date of his death. Zevalkink v. Brown, 102 F.3d 1236 (Fed. Cir. 1996). 

Under 38 U.S.C.A. § 5121(c), there is a requirement for an accrued benefits claim that the application "must be filed within one year after the date of death." 38 U.S.C.A. § 5121(c) (West 2002); 38 C.F.R. § 3.1000(a), (c). The Veteran died in March 2008, and the appellant initiated her claim in April 2008, one month later. Thus, she meets the requirement for filing an accrued benefits claim.

As to the merits of the accrued befits claims, service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection if the disability is one that is listed in 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). In addition, service connection may also be granted on the basis of a post-service initial diagnosis of a disease, where the physician relates the current condition to the period of service. 38 C.F.R. § 3.303(d). 

In order to establish service connection for the claimed disability, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). The requirement of a current disability is "satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim." See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Service connection may also be granted where disability is proximately due to or the result of already service-connected disability. 38 C.F.R. § 3.310. Compensation is payable when service-connected disability has aggravated a non-service-connected disorder. Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

In evaluating the evidence in any given appeal, it is the responsibility of the Board to weigh the evidence and decide where to give credit and where to withhold the same and, in so doing, accept certain medical opinions over others. Schoolman v. West, 12 Vet. App. 307, 310-11 (1999). In this regard, the Board has been charged with the duty to assess the credibility and weight given to evidence. Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Indeed, the Court has declared that in adjudicating a claim, the Board has the responsibility to do so. Bryan v. West, 13 Vet. App. 482, 488-89 (2000). In doing so, the Board is free to favor one medical opinion over another, provided it offers an adequate basis for doing so. Evans v. West, 12 Vet. App. 22, 30 (1998). 

As to direct service connection for bladder and bowel incontinence, for accrued purposes, under 38 C.F.R. § 3.303, the record is negative for complaints and/or treatment for a chronic disability manifested by bladder and/or bowel incontinence in-service or for decades after service. In this regard the Board notes that, while service treatment records document the Veteran's complaints and treatment on one occasion for diarrhea secondary to a cold in October 1969, they are otherwise negative for complaints, diagnoses, or treatment for either disorder. In fact, not only is the Veteran's March 1969 separation examination negative for complaints and/or a diagnosis of either disorder but when examined at that time it was specifically opined that his "G-U" (gastrointestinal system), abdomen, viscera, anus, and rectum were normal. This medical opinion is not contradicted by any other medical evidence of record. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (VA may only consider independent medical evidence to support its findings and is not permitted to base decisions on its own unsubstantiated medical conclusions). Moreover, the record is negative for competent and credible evidence showing continued problems with bladder and bowel incontinence since service and/or a medical opinion finding a relationship between the Veteran's post-service bladder and bowel incontinence and a disease or injury of service origin. Therefore, the Board finds that the evidence of record did not show that the Veteran's post-service bladder and bowel incontinence were due to his military service. Accordingly, the Board finds that entitlement to service connection for bladder and bowel incontinence, for accrued purposes, is not warranted because the weight of the probative evidence is against finding a diagnosis of either disability on active duty, continued treatment for either disability since service, and/or a causal association between either of the post-service disorders and an established injury, disease, or event of service origin. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303.

As to the claim of secondary service connection for bladder and bowel incontinence, for accrued purposes, under 38 C.F.R. § 3.310, the Veteran during his lifetime was service-connected for diabetes mellitus. However, the record is negative for a competent medical opinion showing a link between the Veteran's bladder and bowel incontinence and his service-connected diabetes mellitus. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.310; Allen. Therefore, because the relationship, if any, involves a complex medical question, the Board finds that secondary service connection for these disabilities for accrued purposes must be also denied. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.310.

In reaching the above conclusions, the Board has not overlooked the lay claims from the Veteran during his life, and the appellant's thereafter, that the Veteran's bladder and bowel incontinence were caused by his military service and/or were due to his service-connected diabetes mellitus. However, the Board finds that diagnosing a chronic disability manifested by bladder and/or bowel incontinence requires special medical training that lay persons do not have and therefore the presence of the disorders is a determination "medical in nature" and not capable of lay observation. See Davidson. Accordingly, since laypersons are not capable of opining on matters requiring medical knowledge, the Board finds that their opinions that these disorders were caused by service and/or a service connected disability is not competent evidence. Jandreau. 

Accordingly, the Board must conclude that entitlement to service connection for bladder and bowel incontinence, for accrued purposes, must be denied because the weight of the evidence is against the claims. See 38 U.S.C.A. §§ 1110, 5121; 38 C.F.R. §§ 3.303, 3.310, 3.1000.


ORDER

Service connection for bladder and bowel incontinence for accrued purposes, to include as secondary to service-connected disability of diabetes mellitus, is denied.




____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs