Citation Nr: 1513891 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-27 549 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to accrued benefits. 

2. Entitlement to non-service-connected burial benefits.


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel



INTRODUCTION

The Veteran had active service from November 1942 to February 1946. The Veteran died in December 2005. The Appellant is the Veteran's surviving son.

The accrued benefits claim comes before the Board of Veterans' Appeals (Board) on appeal from a September 2007 decision by the Department of Veterans Affairs (VA), Regional Office (RO) in Portland, Oregon, which denied the claim for accrued benefits.

In December 2010, the Board remanded the appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for further development. The Board also inferred a claim of entitlement to non-service-connected burial benefits and remanded this claim to the RO for issuance of a rating decision.

Initially, the Board notes that in February 2006, the Veteran's surviving spouse filed an informal claim for benefits, including burial benefits and accrued benefits. In response, the RO sent the spouse a letter in April 2006 requesting that she submit a formal application. The letter informed the spouse that no further action would be taken on her claim until she submitted an application for benefits. The spouse did not submit a formal application. Instead, the Veteran's surviving son, the Appellant, filed informal and formal claims in September 2006 with the RO for accrued benefits and burial benefits. The Appellant's September 2006 claims are the basis for the current appeal. 

The Appellant also did not pursue a claim for service connection for cause of death. In October 2006 the RO solicited information from the Appellant for this claim. The Appellant responded by requesting accrued benefits and burial benefits and providing information on medical expenses. Thus, the issue of entitlement to service connection the cause of the Veteran's death will not be referred to the RO as there is no indication that the Appellant wishes to pursue this claim. See generally 38 C.F.R. § 3.158 (2014).

The Board also notes that in September 2006, the Appellant filed a claim for non-service-connected burial benefits. As noted, in the December 2010 remand, the Board remanded this claim to the RO for the issuance of a rating decision. In response, the RO issued a Supplemental Statement of the Case (SSOC) (rather than a rating decision) on this issue in October 2014 and returned the claim to the Board. See Percy v. Shinseki, 23 Vet. App. 37 (2009) (holding that, when VA leads a Veteran to believe an appeal was timely, VA has waived objections to the timeliness of the appeal). The Board notes in this regard that, by its own terms, an SSOC cannot be used to decide any new issues and it appears that the October 2014 SSOC was used to decide the new claim for non-service-connected burial benefits. See 38 C.F.R. § 19.31(a) (2014). The Board cannot adjudicate this claim on the merits when there is still no rating decision of record and the RO has not yet complied with the terms of the prior remand. Issuing an SSOC does not cure the procedural defect found in the RO's failure to adjudicate this claim in the first instance by issuing a rating decision. Given the RO's error, the Appellant's claim of entitlement to non-service-connected burial benefits is addressed in the REMAND portion of the decision below and is REMANDED again to the RO for appropriate action (issuance of a rating decision). VA will notify the Appellant if further action is required on his part.


FINDING OF FACT

At the time of the Veteran's death, he did not have any pending claims for VA benefits and was not entitled to any VA benefits under an existing rating or decision.


CONCLUSION OF LAW

Entitlement to accrued benefits is denied. 38 U.S.C.A. §§ 5101, 5121 (West 2014); 38 C.F.R. § 3.1000 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. 
§§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). In this case, VCAA notice is not required because the issue presented is one of statutory interpretation, the claim is barred as a matter of law, and/or involves a claim that cannot be substantiated as a matter of law. See Smith v. Gober, 14 Vet. App. 227, 230 (2000) (finding that claim that a Federal statute provides for payment of interest on past-due benefits), aff'd, 281 F.3d 1384 (Fed. Cir. 2002), cert. denied, 537 U.S. 821 (2002); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (finding that where the law and not the evidence is dispositive the Board should deny the claim on the ground of the lack of legal merit or the lack of entitlement under the law); VAOPGCPREC 5-2004 (June 23, 2004) (VA is not required to provide notice of the information and evidence necessary to substantiate a claim where that claim cannot be substantiated because there is no legal basis for the claim or because undisputed facts render the claimant ineligible for the claimed benefit).

An accrued benefits claim arises after a Veteran has died. Although a Veteran's claim does not survive his death, see Landicho v. Brown, 7 Vet. App. 42, 47 (1994), certain individuals may be entitled to accrued benefits under certain conditions. Among the requirements for accrued benefits is that a claim must be filed within the year after the Veteran's death. 38 U.S.C.A. § 5121; 38 C.F.R. § 3.1000. In this case, the Appellant's claim for accrued benefits was received in September 2006 within one year of the Veteran's death in December 2005. Thus, the Board finds that the Appellant's claim was timely filed.

Applicable law provides that an individual entitled to accrued benefits may be paid periodic monetary benefits to which a Veteran was entitled at the time of death under existing ratings or based on evidence in the file at the time of his death. 38 U.S.C.A. § 5121; 38 C.F.R. § 3.1000. The United States Court of Appeals for the Federal Circuit (Federal Circuit) has made it clear that, in order to support a claim for accrued benefits, the Veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision. 38 U.S.C.A. §§ 5101(a), 5121(a); Jones v. West, 136 F.3d 1296 (Fed. Cir. 1998).

In this case, the record does not indicate, nor is it alleged, that the decedent had a claim pending for benefits at the time of his death, nor were there any benefits due to him but unpaid prior to the last date of entitlement. The Appellant filed a claim for "any accrued benefits" and does not specify a specific claim which the Veteran allegedly filed. 

In its December 2010 remand, the Board found that, at the time of the Veteran's death, there was a claim for service connection for PTSD which was received at the RO on May 3, 2005, but had not been adjudicated. Thus, the Board remanded this claim for the RO to adjudicate the service connection claim on its merits. 

Upon remand, the RO determined that a VA claims assistant used a "form email" when requesting claims folders from the Records Management Center (RMC). The claims assistant was sending the file request with the statement "Original Compensation PTSD Claim Received May 3, 2005" as the reason on every single file request. She also used the same date (May 3, 2005) on every single file request. The claims assistant's supervisor submitted a March 2012 statement certifying that this information was correct, and that the alleged "Original Compensation PTSD Claim" discovered by the Board was, in fact, a clerical error by RO personnel. The supervisor stated that neither the issue nor the date was correct for the Veteran and the Veteran had never filed a claim of service connection for PTSD. A claim for PTSD is not referenced by the Veteran or the Appellant anywhere in the claims file except for this administrative email requesting a copy of the Veteran's claims file. Thus, the RO found that a claim of entitlement to service connection for PTSD had not been pending since the Veteran's death as the alleged claim was not an actual claim for benefits but was instead a clerical error by RO personnel. 

The Board agrees with the RO's finding. In other words, the Board concludes that the May 3, 2005, file request with the statement "Original Compensation PTSD Claim" was not an original claim for service connection for PTSD by the Veteran but instead was a clerical error by RO personnel. Thus, the Veteran did not have a pending claim for service connection for PTSD, or any other VA benefits, at the time of his death.

The Board notes that an October 2005 rating decision granted the Veteran a special monthly pension based on the need for aid and attendance effective April 29, 2005. The Veteran and the Appellant did not appeal this decision. Nor were any statements relevant to this claim submitted within 1 year of the October 2005 rating decision which would render this decision non-final for VA purposes under 38 C.F.R. § 3.156(b). See Buie v Shinseki, 24 Vet. App. 242, 251-52 (2011) (explaining that, when statements are received within one year of a rating decision, the Board's inquiry is not limited to whether those statements constitute notices of disagreement but whether those statements include the submission of new and material evidence under 38 C.F.R. § 3.156(b)). Furthermore, the Appellant does not allege that the Veteran did not receive the funds generated by this rating decision prior to his death. Rather, the Appellant's argument in favor of accrued benefits is premised on the fact that the Appellant paid the final medical and burial expenses for his father prior to his death. This assertion is addressed in the Appellant's non-service-connected burial benefits claim which is being remanded to the RO for initial adjudication as explained in the REMAND below. The Appellant's assertions do not support a finding that a claim was pending at the time of the decedent's death. 

A claim for VA benefits pending on the date of death means a claim filed with VA that had not been finally adjudicated by VA on or before the date of death. 38 C.F.R. § 3.1000(d)(5); Jones, 136 F.3d at 1300. A consequence of the derivative nature of a surviving claimant's claim for entitlement to a Veteran's accrued benefits is that, without the Veteran having a claim pending at time of death, the surviving claimant has no claim upon which to base his or her own application. See Jones, 136 F.3d at 1300. Here, the Veteran did not have a pending unadjudicated claim prior to his death or was entitled to VA benefits under an existing rating decision. Thus, the Appellant has no claim upon which to base his own application for accrued benefits. Consequently, the Board cannot find that there was a claim pending at the time of the decedent's death or evidence of unpaid benefits due. Thus, there is no legal basis for the payment of accrued benefits. The law is dispositive of the issue, and, therefore, the appeal must be denied. Sabonis, 6 Vet. App. at 430.


ORDER

Entitlement to accrued benefits is denied.


REMAND

As noted in the Introduction, the Board previously remanded an inferred claim of entitlement to non-service-connected burial benefits to the RO in December 2010. The Board specifically directed the RO to adjudicate this claim and noted that, although it had been raised by the Veteran, it had not yet been adjudicated. As also noted in the Introduction, after this appeal was remanded to the RO, the RO issued an SSOC in October 2014 which adjudicated the claim of entitlement to non-service-connected burial benefits for the first time. This was error which requires remand. 

The RO's action in promulgating an SSOC which adjudicated the Appellant's claim of entitlement to non-service-connected burial benefits for the first time not only created a significant procedural defect that the Board is now attempting to correct in this remand. It also was in violation of long-standing VA policy and relevant regulations governing what issues can be addressed in an SSOC. See 38 C.F.R. § 19.31(a) (2014). Although the Court has held that the Board can waive the timeliness of an appeal when actions taken by the RO lead an Appellant to believe that an issue remains on appeal, in this case, the Board cannot adjudicate the claim of entitlement to non-service-connected burial benefits on the merits because the RO's failure to adjudicate this claim initially in a rating decision (rather than erroneously promulgating an SSOC) precludes the Veteran's ability at present to disagree with this rating decision by filing a notice of disagreement and then perfect an appeal by filing a substantive appeal. This procedural defect (issuing an SSOC rather than a rating decision) also does not permit the Board adjudicate the issue of entitlement to non-service-connected burial benefits on the merits and waive any timeliness with respect to an appeal. See also Percy, 23 Vet. App. at 37. 

Finally, the procedural defect which occurred while this case previously was on remand to the RO also violates the Court's decision in Stegall. In Stegall v. West, 11 Vet. App. 268 (1998), the Court held that a remand by the Board confers on the Appellant, as a matter of law, the right to compliance with the remand orders. It was error for the RO to re-certify this appeal to the Board in February 2015 without complying with the December 2010 remand instructions. Accordingly, another remand is required.


Accordingly, the case is REMANDED for the following action:

As requested in the Board's prior remand in December 2010, adjudicate the Appellant's claim of entitlement to non-service-connected burial benefits by promulgating a rating decision. A copy of any rating decision on this claim should be sent to the Appellant and his service representative and must be included in the claims file. An appropriate period of time should be allowed for a response from the Appellant and/or his service representative. See 38 C.F.R. § 20.302 (2014). This claim should not be returned to the Board unless the Appellant subsequently perfects a timely appeal.


The Appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
MICHAEL T. OSBORNE
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs