**Ethel L. JONES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–473.

United States Court of Veterans Appeals.

March 5, 1996.

Ethel L. Jones, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Leonard J. Selfon were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge.

The appellant, Ethel L. Jones, appeals from a February 11, 1993, decision of the Board of Veterans' Appeals (Board), which concluded that she had not submitted a well-grounded claim for accrued benefits. On consideration of the record on appeal, the appellant's informal brief, and the pleadings filed by the Secretary, the Court will vacate the Board's decision and remand this matter for further proceedings consistent with this opinion.

## I.

The appellant is the widow of a veteran, Willie T. Jones. Record (R.) at 37, 46–47, 91. According to a marriage certificate issued by the State of California, the veteran married the appellant on August 26, 1978. R. at 91. In July 1986 the veteran filed an application for VA compensation or pension. Supplemental Record (Suppl.R.) at 2–6. The signed application stated that he was married to the appellant, and that this was his only marriage. *Ibid.* A VA regional office (RO) granted the veteran a non-service-connected disability pension. R. at 12–13. However, the RO did not determine his eligibility for additional benefits for his spouse because his claims file contained conflicting information regarding whether the veteran was, or had been, married to two other women. R. at 15. In February 1987, the RO sent a letter to the veteran requesting evidence of the termination of these prior marriages. *Ibid.* In response, the veteran stated that, while he had previously lived with two other women in "common-law" relationships, he had been separated from each woman for many years. R. at 17. In April 1987, the RO sent him

another letter, requesting certain evidence regarding these relationships, including:

> The agreement [with each of the other women] at inception of your cohabitation; the period of cohabitation; places and dates of residence including short periods and whether or not children were born of either of these relationships; whether you were members of any church or organization as husband and wife and whether you jointly entered into any business transaction or jointly executed any legal document or held title jointly to any real estate.

Suppl. R. at 8. The letter also stated, "Please send the evidence as quickly as possible. If we do not receive it within one year ... payment, if authorized, can be made only from the date the evidence is received." Suppl.R. at 9. The veteran died on August 12, 1988, without having provided the requested information. R. at 37. His death certificate listed the appellant as his surviving spouse. *Ibid.*

On September 26, 1988, the appellant filed an application for VA benefits, including accrued benefits. R. at 39–42. She was awarded a pension as the surviving spouse of a war veteran (survivor's pension). R. at 46–47. However, the RO did not award her accrued benefits consisting of the additional payments that the veteran would have received if his pension had been calculated at the married rate. R. at 55. In June 1990, the appellant submitted a letter questioning the RO's refusal to consider her the veteran's legal wife for purposes of these accrued benefits payments, in view of the 1988 determination granting her a survivor's pension. R. at 52. An August 1990 letter from the RO denied accrued benefits. R. at 55. The RO's letter also stated:

> We should have asked you whether you knew of any legal impediment to your marriage at the time of your marriage to the veteran when we received your application for [survivor's] pension. Please tell us whether you knew of any legal impediment to your marriage to the veteran at the time of the wedding.... Failure to send us a reply within 60 days of this letter could result in the suspension of your current pension benefits.

*Ibid.* In December 1990, the appellant filed a Notice of Disagreement with the denial of accrued benefits, as well as the required statement that she knew of no legal impediment to her marriage. R. at 57–58. During a hearing in October 1991, the appellant testified that the veteran had provided a copy of their marriage certificate to VA. R. at 74–75. The Board denied the claim, concluding that it was not well grounded. A timely appeal to this Court followed.

## II.

 The only benefits sought on appeal are the additional benefits that the veteran would have received if his non-service-connected disability pension had been paid at the higher rate provided for married veterans. *See* 38 U.S.C. § 1521. The issue presented is whether the appellant has submitted a well-grounded claim for these accrued benefits. The relevant statute provides that "accrued benefits" are "periodic monetary benefits ... under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions, *or those based on evidence in the file at date of death* ... and due and unpaid for a period not to exceed one year." 38 U.S.C. § 5121(a) (emphasis added). An accrued benefits claimant is said to "stand in the shoes of the veteran" and, generally, may not rely upon evidence that was not deemed to be in the veteran's file at the date of his death. *See Zevalkink v. Brown,* 6 Vet.App. 483, 490 (1994) (en banc), *appeal docketed,* No. 94–7101 (Fed.Cir. Aug. 26, 1994). As the Court has stated, accrued benefits are those which "upon proper application therefor, would have been owed to the veteran at death; only the payee has been changed, and the amount is limited to one year's worth" of benefits. *Ibid.* In this case, the veteran's claim for increased pension benefits based on marital status was never adjudicated, and was deemed abandoned after he failed to respond to the RO's request for additional information within one year. *See* 38 U.S.C. § 5103(a); 38 C.F.R. § 3.158(a) (1995) ("where evidence requested ... is not furnished within 1 year after the date of request, the claim will be considered abandoned"). Thus, as there are no "existing

ratings or decisions" with regard to the veteran's claim for payment of benefits at the married rate, the appellant's claim for these accrued benefits is "based on evidence in the file at [the] date of [the veteran's] death." 38 U.S.C. § 5121(a).

Although the RO informed the veteran in 1987 that additional evidence was required to support his claim that the appellant was his wife, in 1988 the appellant was immediately granted a survivor's pension as his surviving spouse. *See* 38 U.S.C. § 1541(a). It appears that this initial determination regarding the validity of the marriage could only have been based on the same evidence that the RO had earlier regarded as incomplete. However, in 1990, the RO indicated that the 1988 grant of a survivor's pension was in error, and required the appellant to state that she knew of no legal impediment to her marriage. *See* 38 U.S.C. § 103(a). Additionally, as the Board noted in its decision, other evidence and testimony regarding the validity of her marriage to the veteran was subsequently made part of the record. On appeal, the Secretary apparently takes the position that, although the appellant has been legally established as the veteran's surviving spouse based on evidence submitted *after* his death, her claim for accrued benefits is implausible because evidence of her marital status was not contained in the veteran's file *as of the date of his death*. *See* Secretary's Motion (Mot.) for Summary Affirmance at 7.

 Having determined that the appellant is the veteran's surviving spouse for purposes of awarding a survivor's pension, the Secretary would generally be estopped from concluding that the marriage was not valid for purposes of an award of accrued benefits. In other words, it has been established that the appellant is a surviving spouse, and thus she is an eligible claimant for accrued benefits. *See Aguilar v. Derwinski*, 2 Vet.App. 21, 23 (1991). However, this case presents a complication: The only accrued benefits sought are the additional non-service-connected disability pension benefits that the veteran would have received had he been paid at the higher rate for married veterans. Although the Secretary has conceded the validity of the appellant's marriage based on evidence

submitted after the veteran's death, the substance of the claim for accrued benefits must still be addressed in accordance with the applicable statutory and regulatory provisions. Given that an accrued benefits claimant is limited by statute to the evidence in the file as of the date of the veteran's death, the Secretary's later concession that the marriage was valid for purposes of a claim for survivor's pension would not necessarily establish entitlement to the benefits sought here. In this regard, the Court notes that it is certainly possible for a claims file to contain no evidence of the existence of a marriage until after a veteran's death. In such a case, a surviving spouse generally would be an eligible claimant for any available accrued benefits. However, under such circumstances, it could not be shown that there was evidence in the file at the date of the veteran's death supporting payment of a pension at the married rate, and therefore, entitlement to accrued benefits consisting of these additional pension payments could not established. Thus, because a determination of eligible claimant status does not conclusively establish entitlement to the accrued benefits at issue here, we conclude that the Secretary is not estopped from denying these benefits.

### III.

 The Board stated in its decision,

[W]hen the veteran did not respond … within one year, *he* would have been required to file a new claim to establish entitlement to additional pension benefits based on his marriage. Such a claim was not filed prior to his death, and the next claim which necessitated a determination regarding the veteran's marital status was the appellant's claim for [survivor's] pension benefits. In [conjunction] with the claim submitted after the veteran's death was evidence consisting of statements and sworn testimony from the appellant which substantially altered the appearance of the record as it was constituted at the time of the veteran's death.

In any event, at the time of the veteran's death, he was not entitled to any additional pension benefits based on his relationship with the appellant and, consequently, the

562

appellant is not entitled to any accrued benefits. R. at 6–7. Although the Board emphasized that the veteran had failed to file a new claim prior to his death, the Court notes that, under the circumstances of this case, this fact would have no preclusive effect on an accrued benefits claim. *See Hayes v. Brown*, 4 Vet.App. 353, 358 (1993). Additionally, contrary to the Secretary's argument, the appellant is not required to show either that the veteran had a claim pending at his death on this issue, or that he had established entitlement to these additional pension benefits by obtaining a favorable decision or rating. *See* Secretary's Mot. at 7–9. Any other conclusion would impose a restriction on the statutory provision that accrued benefits may be based on evidence in the file at the date of the veteran's death. *See* 38 U.S.C. § 5121(a).

## IV.

The determination whether a claim is well grounded is a conclusion of law subject to de novo review by the Court under 38 U.S.C. § 7261(a)(1). *See Grottveit v. Brown*, 5 Vet.App. 91, 93 (1993). Implicit in the Board's decision on well groundedness is a finding that there was insufficient evidence of a valid marriage to the appellant in the veteran's file at the date of his death. Pursuant to 38 U.S.C. § 103(c), a marriage shall be proven valid "according to the law of the place where the parties resided at the time of the marriage or the law of the place where the parties resided when the right to benefits accrued." *See also* 38 C.F.R. § 3.1(j) (1995). Proof of a valid marriage may be made by submission of the types of evidence set forth in 38 C.F.R. § 3.205(a) (1995). Additionally, 38 U.S.C. § 5124 (enacted Nov. 2, 1994) provides, "[T]he Secretary may accept the written statement of a claimant as proof of the existence" of a marriage. The Court notes that, in enacting this statutory provision, Congress did not limit its application only to future claims or to claims filed after a certain date. *See* Pub.L. No. 103–446, § 301(a), 108 Stat. 4645, 4657–58 (1994). The veteran's 1986 signed application for VA compensation or pension states that he was married only once, to the appellant, and provides her name and Social Security number. Suppl.R. at 2–6. Thus, the Court concludes that there was evidence of the appellant's marriage to the veteran in the file as of the date of the veteran's death which, if found credible, would support her claim for accrued benefits. The Court holds that the appellant's claim is well grounded, and the Board erred in concluding otherwise. Accordingly, this matter must be remanded for adjudication. On remand the Board must apply the statutory provision set forth at 38 U.S.C. § 5124 with regard to the veteran's signed statement specifying the appellant as his only spouse. *See Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991); *see also West (Carleton) v. Brown*, 7 Vet.App. 70, 76 (1994) (holding that, generally, law more favorable to claimant governs even where law changes after filing of appeal with this Court). If this statement is not accepted as proof of the veteran's marriage to the appellant, the Board must set forth adequate reasons or bases for its decision, pursuant to 38 U.S.C. § 7104(d)(1).

In adjudicating the claim on remand, the Board must also make factual findings regarding whether the appellant's marriage certificate or additional evidence of the marriage was in the veteran's file at the date of his death. With regard to the marriage certificate, the Court notes that the VA application form submitted by the veteran in 1986 states as follows: "A certified copy of the public or church record of your [current] marriage is required." Suppl.R. at 3. The appellant testified that the veteran had submitted a copy of their marriage certificate to VA. Although VA sent letters to the veteran in February and April 1987 requesting additional information regarding the assumed common-law marriages, these letters gave no indication that the veteran had failed to submit a copy of his marriage certificate in connection with his 1986 application. In response to an order of this Court dated July 27, 1995, the Secretary asserted that "[a] thorough search of the veteran's claims file failed to disclose the presence of an original or any other copy of [the appellant's] marriage certificate, submitted either prior or subsequent to the veteran's death." Secretary's Response to Court Order at 5. A copy of the appellant's marriage certificate is in-

cluded in the record on appeal. R. at 91. Because the relevant question is whether evidence was in the claims file at the date of the veteran's death, the fact that a date-stamped document cannot now be located is not necessarily determinative. Indeed, where, as here, the parties dispute the contents of the veteran's claims file, additional evidence may be submitted and considered for the *limited purpose* of determining whether certain documents shall be deemed to have been in the claims file on the relevant date. In this regard, the Board must consider and assess the credibility of the appellant's sworn testimony that her marriage certificate was submitted to VA prior to the veteran's death. *See, e.g., Smith (Brady) v. Derwinski,* 1 Vet.App. 235, 237–38 (1991) (holding that Board is required to determine credibility of sworn testimony); *O'Hare v. Derwinski,* 1 Vet.App. 365, 367 (1991) (holding that, where veteran's records are missing, Board's obligation to explain its findings and conclusions is heightened).

In the decision on appeal the Board made a factual finding that the veteran had not responded to the RO's request for additional evidence concerning his "two previous marriages." R. at 5. In order to clarify the record, the Court notes that neither assumed common-law marriage has been established in accordance with the relevant statutory and regulatory provisions. *See* 38 U.S.C. § 103(c); 38 C.F.R. § 3.1(j). Indeed, the RO's April 1987 letter to the veteran appears to have been seeking evidence regarding whether these relationships were, in fact, common-law marriages. Suppl.R. at 8–9. Pursuant to 38 C.F.R. § 3.205(a)(6), a common-law marriage may be established as follows:

> In jurisdictions where marriages other than by ceremony are recognized the affidavits or certified statements of one or both of the parties to the marriage, if living, setting forth all of the facts and circumstances concerning the alleged marriage, such as the agreement between the parties at the beginning of their cohabitation, the period of cohabitation, places and dates of residences, and whether children were born as the result of the relationship. This evidence should be supplemented by affidavits or certified statements from two or more persons who know as the result of personal observation the reputed relationship which existed between the parties to the alleged marriage including the periods of cohabitation, places of residences, whether the parties held themselves out as husband and wife, and whether they were generally accepted as such in the communities in which they lived.

Though the veteran used the jargon "common law" to describe two earlier relationships, such a choice of words by a lay person hardly establishes a valid marriage without the benefit of an agent of the state. If, on remand, the Board determines that the appellant's marriage to the veteran was invalid due to the existence of a prior common-law marriage (obviously, if one marriage is extant, an additional marriage would be legally impossible), the Board's decision must identify and discuss the evidence in the veteran's claims file as of the date of his death that supports a finding of a prior valid common-law marriage under applicable state law and VA regulations. *Ibid.*

### V.

The decision of the Board is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.