MICHEL, Circuit Judge.
 

 Respondent-Appellant, the Acting Secretary of Veterans Affairs (the “Secretary”), appeals the judgment of the Court of Veterans Appeals which vacated and remanded the Board of Veterans’ Appeals’ (the “Board’s”) denial of Claimant-Appellee Ethel L. Jones’s claim for incremental benefits which allegedly accrued and were due and unpaid to her late husband, as a married veteran, when he died.
 
 Jones v. Brown, 8
 
 Vet.App. 558 (1996). The appeal was submitted for our decision following oral argument on January 6, 1998. Because the interpretation by the Court of Veterans Appeals of the statutory provisions governing applications and entitlements for accrued benefits was incorrect as a matter of law, we reverse.
 

 BACKGROUND
 

 In 1986, Willie T. Jones, a veteran, applied for and received a non-serviee-conneeted disability pension. Mr. Jones’s application also sought an increased monthly payment on the ground that he was married to Ethel L. Jones and so should be paid at the higher married, rather than single, rate. The Department of Veterans Affairs (the “Department”) regional office responsible for processing Mr. Jones’s request did not rule upon that portion of his request because it found information in the claims file indicating that Mr. Jones had been married to two other women but found no evidence there regarding the termination of those marriages. Consequently, in February 1987, the regional office requested by letter that Mr. Jones provide evidence of the termination of these two prior marriages. Mr. Jones responded by letter indicating that these two relationships had resulted in common-law marriages and that he no longer resided with either woman. In April 1987, the regional office replied to his submission, requesting that Mr. Jones provide additional information regarding the termination of these marriages. Because Mr. Jones did not respond to this letter within one year, his claim for addition
 
 *1298
 
 al pension benefits based upon his marriage to Ethel Jones was never decided and was deemed abandoned as of April 1988.
 
 [1]
 
 Mr. Jones died on August 12, 1988, without having provided the requested information and, hence, without a favorable decision or a pending, unadjudicated claim.
 

 On September 26, 1988, Mrs. Jones filed an application with the Department for death benefits. This application included a request for “accrued benefits” previously sought by Mr. Jones comprised of the difference between the disability benefits actually paid to Mr. Jones and the amount he would have received had he been paid at the higher, married, rate. Mrs. Jones’s claim for a pension as the surviving spouse of a veteran was granted, but her application for Mr. Jones’s “accrued benefits” was denied. The reason given was that Mr. Jones died without his claim pending.
 

 Mrs. Jones appealed this denial to the Board which affirmed on February 11, 1993. Mrs. Jones next appealed to the Court of Veterans Appeals which vacated the Board’s decision and remanded the case for further proceedings consistent with its opinion.
 
 See Jones,
 
 8 VetApp. at 563. In its opinion, the Court of Veterans Appeals determined that, because the statute required that evidence be in the claimant’s file at the date of death supporting payment at the married rate, the Board properly determined that the Department was not estopped from refusing to grant such benefits despite its concession after Mr. Jones’s death that the marriage was valid for purposes of a claim for a surviving spouse’s pension.
 
 See id.
 
 at 561. However, the court concluded that the Board erred by requiring that a claim for accrued benefits be pending at the date of the veteran’s death rather than merely that sufficient evidence be in the claims file to support such a claim.
 
 See id.
 
 at 562. Moreover, the court also determined that, because there was some evidence of the validity of the marriage at the date of the veteran’s death, the Board erred by concluding that the claim was not well-grounded.
 
 See id.
 
 Consequently, the Court of Veterans Appeals remanded the ease to the Board for further factual findings regarding what evidence was in the claims file at the date of the veteran’s death and whether the two prior relationships were in fact common-law marriages pursuant to 38 C.F.R. § 3.205(a)(6) (1997).
 
 See id.
 
 at 562-68. The Secretary timely appealed the judgment of the Court of Veterans Appeals to this court.
 

 On appeal the Secretary contends that the Court of Veterans Appeals erred by not deferring to the Department’s reasonable interpretation of the statutory provisions governing claims for accrued benefits. The Secretary also disputes Mrs. Jones’s assertion that this court lacks jurisdiction to hear this appeal.
 

 ANALYSIS
 

 I.
 

 Jurisdiction to hear appeals from final decisions of the Court of Veterans Appeals is conferred upon this court by 38 U.S.C. § 7292 (1994). Under the express terms of that statute, however, we “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). Contrary to Mrs. Jones’s contention, the Secretary’s appeal involves no question of factual determination or application but merely the interpretation of the statutory provisions governing claims for accrued benefits, an issue clearly within our jurisdiction. Furthermore, Mrs. Jones’s argument that, because a remand was ordered, the decision of the Court of Veterans Appeals is not final for purposes of review by an Article III appellate court is similarly without merit. As we have previously held, decisions of the Court of Veterans Appeals rendering an interpretation of a statutory provision and remanding for further proceedings in accordance with that interpretation constitute final and appealable decisions.
 
 Travelstead v. Derwinski
 
 978
 
 *1299
 
 F.2d 1244, 1248 (Fed.Cir.1992) (holding that a Court of Veterans Appeals decision interpreting 38 U.S.C. § 8713, overruling the Secretary’s prior interpretation and remanding back to the Board was a final and appealable decision);
 
 see also Sullivan v. Finkelstein,
 
 496 U.S. 617, 625, 110 S.Ct. 2658, 2663-64, 110 L.Ed.2d 563 (1990) (holding that a district court’s remand order effectively invalidating certain regulations of the Secretary of Health and Human Services was an immediately appealable order). Accordingly, we have jurisdiction to hear this appeal and to decide the statutory interpretation question it presents.
 

 II.
 

 Under 38 U.S.C. § 5101(a) (1994),
 
 “[a] specific claim
 
 in the form prescribed by the Secretary ...
 
 must be filed in
 
 order for benefits to be paid or furnished to any individual under the laws administered by the Secretary” (emphasis added). Applications for accrued benefits are governed by 38 U.S.C. § 5121, which states in relevant part:
 

 periodic monetary benefits ... under laws administered by the Secretary
 
 to which an individual was entitled at death
 
 under existing ratings or decisions, or those based on evidence in the file at date of death ( ... referred to as “accrued benefits”)
 
 and due and unpaid
 
 for a period not to exceed one year, shall, upon the death of such individual be paid as follows:
 

 (2) Upon the death of a veteran, to the living person first listed below:
 

 (A) The veteran’s spouse;
 

 38 U.S.C. § 5121(a) (1994) (emphasis added). The Secretary argues that the Court of Veterans Appeals erred by rejecting the Secretary’s interpretation of these provisions to require that, if such a claim has not been granted, a claim must at least be pending at the time of the veteran’s death for the surviv- or to be eligible for accrued benefits. The Court of Veterans Appeals held that:
 

 contrary to the Secretary’s argument, the appellant is not required to show either that the veteran had a claim pending at his death on this issue, or that he had established entitlement to these additional pension benefits by obtaining a favorable decision or rating. Any other conclusion would impose a restriction on the statutory provision that
 
 accrued benefits may be based on evidence in the file at the date of the veteran’s death.
 

 Jones,
 
 8 Vet.App. at 562 (citations omitted) (emphasis added).
 

 Our review of the Court of Veterans Appeals’ interpretation of statutory provisions is
 
 de novo. Prenzler v. Derwinski,
 
 928 F.2d 392, 393 (Fed.Cir.1991). We are persuaded by the Secretary that the Department’s interpretation of the statutory provisions governing accrued benefits is correct.
 
 [2]
 
 Reading sections 5101 and 5121 together compels the conclusion that, in order for a surviving spouse to be entitled to ■ accrued benefits, the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision. Section 5101(a) is a clause of general applicability and mandates that a claim must be filed in order for any type of benefit to accrue or be paid. Section 5121(a) refers to a particular species of benefit—accrued benefits—and governs the hierarchy of eligibility for such benefits upon the death of the veteran. This latter section explains that accrued benefits are only those “to which an individual was entitled at death under existing ratings and decisions, or those based on evidence in the file at date of death ... and due and unpaid.” The “individual,” at least in this case, is the veteran himself.
 

 We do not agree with the Court of Veterans Appeals that the Secretary’s interpreta
 
 *1300
 
 tion would “impose a restriction on the statutory provision that accrued benefits may be based on evidence in the file at the date of the veteran’s death.”
 
 Jones,
 
 8 Vet.App. at 562. Rather, such a restriction is expressly imposed on not only accrued benefits but benefits of all kinds by section 5101(a). The Court of Veterans Appeals failed to consider this provision in reaching its decision here. But section 5121 is, like all other specific benefit provisions, limited by section 5101.
 

 Moreover, the Secretary’s interpretation also comports with our decision in
 
 Zevalkink v. Brown,
 
 102 F.3d 1236 (Fed.Cir.1996).
 
 [3]
 
 In
 
 Zevalkink
 
 we held that a surviving spouse’s “accrued benefits claim is derivative of the veteran’s claim” and so concluded that, absent unconsidered new and material evidence in the file as of the date' of death, a surviving spouse could only receive accrued benefits based on “existing ratings and decisions” and could not reopen or reargue a claim.
 
 Id.
 
 at 1241-42 (emphasis omitted). Thus, a consequence of the derivative nature of the surviving spouse’s entitlement to a veteran’s accrued benefits claim is that, without the veteran having a claim pending at time of death, the surviving spouse has no claim upon which to derive his or her own application. Just as the surviving spouse in
 
 Zevalk-ink
 
 could not reopen the veteran’s accrued benefits claim, so here the surviving spouse may not file an accrued benefits claim in lieu of the veteran.
 

 CONCLUSION
 

 Because the Court of Veterans Appeals’ interpretation of section 5121 governing the payment to survivors of accrued benefits to which a veteran was entitled, but upon the veteran’s death were due and unpaid, conflicts with the generic command in the plain language of section 5101 that a claim must have been filed by the veteran, the judgment of the Court of Veterans Appeals is
 

 REVERSED.
 

 [1]
 

 . 38 C.F.R. § 3.158(a) (1997) provides, in relevant part, "where evidence requested in connection with an original claim, a claim for increase or to reopen or for the purpose of determining continued entitlement is not furnished within 1 year after the date of request, the claim will be considered abandoned.”
 

 [2]
 

 . We give respectful consideration to the Secretary’s construction of the veterans’ benefits statutes due to his experience and expertise in this area. However, given the plain meaning of the statutory provisions at issue, it is irrelevant for purposes of this appeal whether deference is warranted under
 
 Chevron v. Natural Resources Defense Council,
 
 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). For similar reasons, the mandate of
 
 Brown v. Gardner,
 
 513 U.S. 115, 118, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994), that "interpretive doubt is to be resolved in the veteran’s favor” has no bearing on the resolution of this case.
 

 [3]
 

 . We recognize that the Court of Veterans Appeals’ decision in
 
 Jones
 
 was rendered prior to publication of our opinion in
 
 Zevalkink.