NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MATTIE R. STROUD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7122

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-3639, Chief Judge Bruce E. Kasold.

---

## ON MOTION

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves without opposition to waive the requirements of Fed. Cir. R. 27(f), and to remand for further proceedings.

The claimant-appellant, Mattie R. Stroud's husband, Thorton Stroud, died in April 2003. He served on active duty in the Navy from April 1965 to December 1966, and had pending before the Department of Veterans Affairs ("VA") two claims for entitlement to service-connected disability benefits, one claim for a lung disorder and the other for a low back disorder, at the time of his death.

Following her husband's death, Mrs. Stroud filed with the VA regional office (RO) a claim for accrued benefits pursuant to 38 U.S.C. § 5121, which authorizes payment of benefits to a veteran's surviving spouse if the veteran had a claim pending at the time of his death for such benefits or is entitled to them under an existing rating or decision. *See Jones v. West*, 136 F.3d 1296, 1299 (Fed. Cir. 1998). She submitted lay statements from various family members that Mr. Stroud regarding his claims. The RO rejected those claims on the grounds that there was no medical evidence demonstrating a sufficient link between Mr. Stroud's disorders and his service.

The Board of Veterans' Appeals upheld those rulings. The Board concluded with regard to the back disorder accrued benefits claim that "lay persons, such as the Veteran's wife and daughter, are not qualified to offer an opinion that requires medical knowledge, such as a diagnosis or an opinion as to the cause of a disability." The Board similarly rejected the lay statements made in reference to the lung disorder claim, stating that although numerous lay statements were submitted to explain that the veteran's lung cancer was related to his collapsed lung that he experienced shortly after service, there was no competent evidence demonstrating a sufficient nexus between service and the conditions. The Court of Appeals for Veterans Claims affirmed.

In his motion, the Secretary concedes that the Board imposed an incorrect standard in reviewing the evidence in the record. We agree. In *Jandreau v. Nicholson*, 492

F.3d 1372, 1376-77 (Fed. Cir. 2007), this court rejected the view that "competent medical evidence is required . . . [when] the determinative issue involves either medical etiology or a medical diagnosis." Instead, this court held that "lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify a medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." *Id.* at 1377.

The court agrees with the Secretary that the Board's opinion, in effect, held that a layperson can never provide competent evidence of any question of etiology or diagnosis, which contravenes our holding in *Jandreau*. The Board thus erred as a matter of law by disregarding the possibility that, in some cases, lay evidence will be competent and credible evidence of etiology. On remand, a two step analysis of Mrs. Stroud's accrued benefits claims is required. The Board must first determine the claimed conditions are the type of injuries for which lay evidence is competent evidence. If so, the Board must weigh that evidence with the other evidence of record.

Thus, we grant the Secretary's motion to remand for purposes of having the VA conduct further proceedings. The court notes that in his motion the Secretary states that Mrs. Stroud also raised a duty-to-assist argument, and that on remand, those arguments may again be raised below by the claimant-appellant.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted to the extent that we vacate and remand to the Court of Appeals for Veterans Claims so that it may remand to the Board for further consideration.

(2) Each side shall bear its own costs.

For The Court

__JUL 2 0 2012__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Mattie R. Stroud
Richard P. Schroeder, Esq.

s20

ISSUED AS A MANDATE: __JUL 2 0 2012__

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 2 0 2012

JAN HORBALY
CLERK