http://www.va.gov/vetapp16/Files4/1630435.txt

Citation Nr: 1630435 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 09-32 624 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia

THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death.

2. Entitlement to dependency and indemnity compensation (DIC) pursuant to the provisions of 38 U.S.C.A. § 1151 as a result of VA medical care.

3. Entitlement to DIC benefits under 38 U.S.C.A. § 1318.

4. Entitlement to service connection for malignant glial neoplasm, for accrued benefits purposes. 

REPRESENTATION

Appellant represented by: Michael Miskowiec, Attorney

WITNESSES AT HEARING ON APPEAL

Appellant and daughter

ATTORNEY FOR THE BOARD

A. Barner, Counsel

INTRODUCTION

The Veteran served in the U.S. Army from January 1967 to August 1969. He died in September 2008. The Appellant is the surviving spouse of the Veteran.

This matter initially came before the Board of Veterans' Appeals (Board) on an appeal from a January 2009 rating decision issued by the Regional Office (RO) in Huntington, West Virginia. It was remanded by the Board for additional development in June 2011, and later denied by the Board in a June 2014 decision. 

In September 2015 the Court of Appeals for Veterans Claims (Court) adopted a Joint Motion for Remand (JMR) that vacated and remanded the Board's denial. The Board then requested a Veterans Health Administration medical opinion, which was obtained in May 2016, and in June 2016 the Appellant's representative responded to the opinion and requested the Board proceed with adjudication. 

The Appellant and her daughter testified before the undersigned Veterans Law Judge at a hearing that was held in March 2011, and a transcript has been associated with the record.

FINDINGS OF FACT

1. Credible medical evidence reflects that the Veteran developed a malignant glial neoplasm as a result of his exposure to Agent Orange while serving in Vietnam.

2. The Veteran died on September [redacted], 2008. The death certificate lists the cause of death as cardiorespiratory arrest due to or as a consequence of malignant glial neoplasm. 

3. There is an equipoise of the evidence indicating that a disability related to service, malignant glial neoplasm, caused the Veteran's death. 

4. The issue of entitlement to DIC benefits pursuant to 38 U.S.C.A. § 1151 is moot in light of the award of service connection for the cause of the Veteran's death. 

5. The issue of entitlement to DIC benefits pursuant to 38 U.S.C.A. § 1318 is moot in light of the award of service connection for the cause of the Veteran's death.

6. The Veteran did not have any pending claims at the time of his death.

CONCLUSIONS OF LAW

1. With resolution of reasonable doubt in the Appellant's favor, the criteria for establishing service connection for the cause of the Veteran's death have been met. 38 U.S.C.A. §§ 1110, 1310, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.312 (2015).

2. The claim for DIC under 38 U.S.C.A. § 1151 is rendered moot by the grant of service connection for the cause of the Veteran's death. 38 U.S.C.A. § 1151 (West
2014); 38 C.F.R. §3.361 (2015).

3. The claim for DIC under 38 U.S.C.A. § 1318 is rendered moot by the grant of service connection for the cause of the Veteran's death. 38 U.S.C.A. §§ 1318, 7104 (West 2014); 38 C.F.R. § 3.22 (2015).

4. The criteria for entitlement to accrued benefits for malignant glial neoplasm were not met. 38 U.S.C.A. §§ 1110, 5013, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.321 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

In regards to the claim of entitlement to service connection for cause of death, because the Board is granting this claims there is no need to discuss whether VA has complied with its duties to notify and assist.

In regards to the claims of entitlement to DIC benefits pursuant 38 U.S.C.A. § 1151 and 38 U.S.C.A. § 1318, because these issues are dismissed as a matter of law, the VCAA is not for application. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. § 3.159.

In regards to the claim for accrued benefits, VA has satisfied its duties under the Veteran's Claims Assistance Act of 2000 to notify and assist. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2014). Hupp v Nicholson, 21 Vet. App. 342 at 352-353 (2007).

Here, the duty to notify was partially satisfied by letters dated in October 2008 and January 2011. These letters provided information about how VA could help the Appellant gather evidence in support of her claims as well as the criteria for the award of accrued benefits. 

Additionally, at the hearing the Veterans Law Judge identified the issues and took testimony on relevant evidence addressing the elements necessary in order to substantiate the Appellant's claims. Bryant v Shinseki, 23 Vet. App. 488 (2010). The questions posed by the Appellant's representative at the hearing indicated that he understood what the evidence needed to show to substantiate her claims.

Evidence of record includes personnel records, VA treatment records, private treatment records, letters from the Appellant, Internet articles submitted by the Appellant, and a March 2011 hearing transcript. In connection with a prior claim filed by the Veteran during his lifetime, it was determined that his service treatment records were unavailable. Most recently, a June 2016 Veterans Health Administration examiner's opinion was obtained, in response to the Court's September 2015 remand. There is no indication that there is any additional outstanding evidence relevant to these claims.

VA has satisfied its duties to notify and assist and the Board may proceed with appellate review.

Pertinent Laws and Regulations

A surviving spouse of a qualifying veteran who died as a result of a service-connected disability is entitled to receive dependency and indemnity compensation. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312. The Appellant was married to the Veteran when he died. See September 2008 death certificate, December 1969 marriage certificate.

To warrant service connection for the cause of the Veteran's death, the evidence must show that a service-connected disability was either a principal or a contributory cause of death. A disability will be considered the principal cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. A disability will be considered a contributory cause of death when it contributed substantially or materially to death, combined to cause death, or aided or lent assistance to the production of death. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312. 

A spouse may also demonstrate that the disability that caused the Veteran's death should have been service-connected. See 38 C.F.R. § 3.312. To establish service-connection, an appellant must show "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010); 38 C.F.R. § 3.303(a).

The standard of proof to be applied in decisions on claims for veterans' benefits is set forth at 38 U.S.C.A. § 5107. A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102.

Cause of death

The Appellant asserts that the Veteran had a malignant glial neoplasm as a result of his service, to include his exposure to herbicides. The Veteran served in Vietnam from August 1967 to August 1969, and his exposure to herbicides is presumed. 38 C.F.R. § 3.307(a)(6)(iii). In addition, multiple treatment records verify that the Veteran was diagnosed with malignant glial neoplasm shortly before his death. For example, an August 2008 private medical report shows an impression of malignant glial neoplasm. Thus, the remaining question is whether the Veteran's malignant glial neoplasm was related to his exposure to herbicides during service.

VA medical opinions from January 2009 and September 2011 provided negative nexus opinions; however, the Court adopted a JMR that considered the medical evidence inadequate, and remanded for another opinion. The resultant May 2016 VHA opinion by C. Weitz, M.D. also provided a negative nexus. Essentially, she opined that it was not at least as likely as not that the Veteran's service in Vietnam with assumed Agent Orange exposure, nor his helicopter accident, caused his death from glioblastoma. She reasoned that she did not find evidence that Agent Orange increased the incidence of glioblastoma in humans. She also did not find evidence that trauma was related to an increase in the incident of glioblastoma. Rather, she considered that known etiologic factors for gliomas were very few and did not include Agent Orange, dioxin or trauma according to current and international papers. 

In a May 2016 private opinion from J. Riggs, M.D., he opined that the Veteran's death from a malignant primary brain tumor was more likely than not related to the Veteran's service, particularly exposure to Agent Orange. He supported his opinion by reasoning that there was recognized biologic plausibility of a direct link between dioxin and primary brain tumor pathogenesis, and an odds ratio greater than 2 of dying from a primary malignant brain tumor being associated with service in Vietnam.

The opinions offered by Dr. J. Riggs and Dr. C. Weitz both appear to be based on the Veteran's history, medical expertise, and a review of literature. As such, they are both afforded high probative value. Two medical professionals have offered their reasoned opinions on this issue and have come to opposite conclusions. A key component of Veteran's disability benefits law is that the benefit of the doubt is awarded to the appellant. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. In this case, the evidence is evenly balanced and the benefit of the doubt is for application. 

The death of a Veteran will be considered as having been due to a service-connected disability when the evidence establishes that such a disability was either the principal or contributory cause of death. See 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312. 

As explained above, resolving reasonable doubt in the Veteran's favor, the Veteran developed malignant glial neoplasm as a result of his military service. The Appellant argues that malignant glial neoplasm caused the Veteran's death. 

The Veteran died on September 2008. The Veteran's death certificate shows the cause of death as cardiorespiratory failure due to malignant glial neoplasm. No underlying causes initiating events resulting in death were listed on the certificate. 

Dr. J. Riggs has determined that malignant glial neoplasm caused the Veteran's death, and was caused by exposure to herbicides in service.

Dr. Weitz, however determined that the malignant glial neoplasm was not caused by the Veteran's service, to include exposure to Agent Orange or head trauma from a helicopter incident. 

Given the overwhelming evidence that malignant glial neoplasm caused the Veteran's death, and the finding in this decision that malignant glial neoplasm was caused by the Veteran's exposure to herbicides in service, service connection for the cause of the Veteran's death is warranted.

DIC for 38 U.S.C.A. § 1151

The Appellant has also contended that the Veteran's cancer spread from his lungs to his brain, or in the alternative, the VA emergency room failed to properly treat and diagnose his malignant glial neoplasm hastening his death. The Appellant has submitted a claim based on 38 U.S.C.A. § 1151, as an alternative theory of entitlement to compensation for the cause of the Veteran's death. In light of the grant of benefits described above, the Board concludes that the Appellant's claim under 38 U.S.C.A. § 1151 is rendered moot. Entitlement to service connection for the cause of the Veteran's death is the greater benefit and encompasses the same disability for which she seeks compensation under 38 U.S.C.A. § 1151. Therefore, no additional benefit (monetary or otherwise) can be gained under 38 U.S.C.A. § 1151. Therefore, no case or controversy remains. See Hornick v. Shinseki, 24 Vet. App. 50, 53-57 (2010); Timberlake v. Gober, 14 Vet. App. 122 (2000). 

Under VA law, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.202. Here, as a result of the Board's action, no additional benefit (monetary or otherwise) can be gained under 38 U.S.C.A. § 1151. Absent a benefit in question, no controversy remains for adjudication. Therefore, the appeal for this issue is dismissed.

DIC pursuant to 38 U.S.C.A. § 1318

DIC benefits are payable under certain circumstances if the service member was in receipt of, or entitled to receive, compensation at the time of death for a service-connected disability that had been totally disabling for a specified period of time. DIC benefits granted to a surviving spouse under 38 U.S.C.A. § 1318 would be paid "in the same manner as if the veteran's death were service connected." 38 U.S.C.A. § 1318(a). The Board's grant of service connection for the cause of the Veteran's death recognizes that the death of the service member was the proximate result of a disease or injury incurred in service. The U.S. Court of Appeals for Veterans Claims (Court) has held that only if an appellant's claim for service connection for the cause of the Veteran's death under 38 U.S.C.A. § 1310 is denied does VA have to also consider an appellant's DIC claim under 38 U.S.C. § 1318. Timberlake v. Gober, 14 Vet. App. 122 (2000). In light of the grant of service connection for the cause of the Veteran's death, the claim of entitlement to DIC under 38 U.S.C.A. § 1318 is moot, requiring dismissal of this aspect of the Appellant's appeal.

Accrued Benefits for Malignant Glial Neoplasm

Accrued benefits are benefits to which the Veteran was entitled at the time of his or her death under an existing rating or based on the evidence actually or constructively in the claims file on the date of death. In order for a claimant to be entitled to accrued benefits, the Veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision. Jones v West, 136 F.3d 1296, 1299 (1998). See 38 U.S.C.A. § 5121(a); 38 C.F.R. § 3.1000. Accrued benefits are payable to a Veteran's surviving spouse or to certain other persons if there is no surviving spouse. 38 U.S.C.A. § 5121(a)(2). An application for accrued benefits must be filed within one year of the date of the Veteran's death. See 38 U.S.C.A. § 5121; 38 C.F.R. § 3.1000.

Although the Appellant's claim was timely filed, she does not meet the criteria to receive accrued benefits for malignant glial neoplasm. The Veteran did not have a claim pending for benefits for malignant glial neoplasm at the time of his death. The Veteran did not have any claims pending at the time of his death. The Appellant does not contest this fact. Thus, the criteria for receipt of accrued benefits for malignant glial neoplasm were not met.

ORDER

Entitlement to service connection for the cause of the Veteran's death is granted.

The claim of entitlement to DIC benefits pursuant to 38 U.S.C.A. § 1151 is dismissed.

The claim of entitlement to DIC benefits pursuant to 38 U.S.C.A. § 1318 is dismissed.

Accrued benefits for malignant glial neoplasm are denied.

____________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs