NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DORADO P. RIDGELL,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2334

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-680, Judge William S. Greenberg.

---

Decided: January 9, 2019

---

DORADO P. RIDGELL, Maumelle, AR, pro se.

ERIC LAUFGRABEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Dorado P. Ridgell appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision by the Board of Veterans' Appeals ("the Board") denying service-connected compensation for accrued benefits and an earlier effective date for non-service-connected pension benefits. *Ridgell v. O'Rourke*, No. 17-0680, 2018 WL 2451829, at *1 (Vet. App. May 31, 2018). Because Mrs. Ridgell did not identify any legal error committed by the Veterans Court and we lack jurisdiction to evaluate her factual challenges, we *dismiss* the appeal.

## I. BACKGROUND

Mrs. Ridgell is the surviving spouse of Jerry Ridgell, who served in the United States Army as an information and administrative specialist from January 1972 to March 1981.

In 2004, Mr. Ridgell died of a heart attack. His wife then sought service-connected benefits and non-service-connected pension benefits from the Department of Veterans Affairs ("VA"). Based on earlier decisions regarding her husband's claims, Mrs. Ridgell's claims were denied. The history of both their claims is outlined below.

### A. Mr. Ridgell's Claims

In August 1997, Mr. Ridgell sought benefits from the VA for non-Hodgkin's lymphoma and a knee injury. The form Mr. Ridgell completed included a section for listing his income and assets. J.A. 106–07 ("NOTE: Items 33A through 33D should be completed ONLY if you are applying for nonservice-connected pension."). Mr. Ridgell

struck this section with a line and wrote "SC" and "Service Connected." *Id.*

In December 1997, the VA Regional Office in Little Rock, Arkansas issued a decision on Mr. Ridgell's claims. The Regional Office noted that Mr. Ridgell sought "[s]ervice connection for right knee injury" and "[s]ervice connection for lymphoma." J.A. 97. After concluding that Mr. Ridgell had not offered evidence connecting either his knee injury or his lymphoma to his military service, the Regional Office denied his claims. Mr. Ridgell did not appeal this decision.

In October 2000, Mr. Ridgell filed another request for benefits seeking: (1) service-connected benefits for his lymphoma and (2) non-service-connected pension benefits. As part of this request, Mr. Ridgell was again asked to provide information about his income and assets.[1] Mr. Ridgell completed this section.

In February 2002, the VA Regional Office issued a decision on Mr. Ridgell's second request for benefits. With respect to his request for service-connected benefits, the VA denied his claim because he failed to present new and material evidence to justify revisiting the VA's December 1997 decision. J.A. 85 ("The evidence submitted in connection with the current claim does not constitute new and material evidence because it essentially duplicates evidence which was previously considered . . . ."). With respect to his request for non-service-connected pension benefits, the VA granted his request. J.A. 86 ("Entitlement to pension benefits is granted effective date of receipt of claim."); *see also* 38 U.S.C. § 5110(a)(1)

---

[1] The form also asked Mr. Ridgell whether he had "previously filed a claim for disability compensation *or pension benefits* with the VA." J.A. 88 (emphasis added). He did not answer this question. *Id.*

("[T]he effective date of an award . . . or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application thereof."). In a subsequent decision, however, the Regional Office explained that, while Mr. Ridgell was eligible for pension benefits based on his October 3, 2000 request, the VA could not pay him pension benefits because his income was too high. J.A. 80 ("Entitlement to non-service-connected disability pension is not established because the veteran's income exceeds the statutory limitation below which pension benefits may be paid.").

Mr. Ridgell appealed the Regional Office's decision in July 2002. As part of his appeal, Mr. Ridgell explicitly indicated that he was not appealing all of the issues decided by the Regional Office. J.A. 51. Instead, Mr. Ridgell explained that he was appealing the Regional Office's decision because it failed to address whether he could receive benefits for the period of September 1997 through October 1998, when his income was below the statutory ceiling for receiving pension benefits. *Id.* Before Mr. Ridgell's appeal was considered by the Board, he passed away.

### B. Mrs. Ridgell's Claims

A few weeks after Mr. Ridgell's death, Mrs. Ridgell filed a request for accrued benefits, including service-connected benefits and non-service-connected pension benefits. The VA Regional Office denied her request.

First, the VA Regional Office concluded that Mrs. Ridgell was not entitled to accrued service-connected benefits because "[a]t the time of [Mr. Ridgell's] death, there was no claim for service connected benefits pending." J.A. 32. Even though Mr. Ridgell's July 2002 appeal was still pending when he died, the Regional Office reasoned that, because he only appealed the effective date of his non-service-connected pension benefits, his request for service-connected benefits was final, and thus not pend-

ing, by the time he died. J.A. 33 ("Since [Mr. Ridgell's] VA Form 9 did not include the issue of service connection for non-Hodgkin's lymphoma, that issue was not included as a continuing issue on his appeal.").

Second, the Regional Office concluded that Mrs. Ridgell was not entitled to accrued non-service-connected pension benefits. According to the Regional Office, Mr. Ridgell's income after October 3, 2000 made him, and thus Mrs. Ridgell, ineligible to receive pension benefits. J.A. 33; *see also* J.A. 80. In Mr. Ridgell's July 2002 appeal, he argued that the VA should have considered whether he was eligible for pension benefits starting in September 1997, after Mr. Ridgell filed his first benefits request. But the Regional Office concluded that because Mr. Ridgell's August 1997 request only sought *service-connected* benefits, Mr. Ridgell's first request for *non-service-connected* benefits was filed on October 3, 2000. The Regional Office therefore denied Mrs. Ridgell's request for non-service-connected pension benefits based on Mr. Ridgell's income between 1997 and 2000 because the earliest effective date to which Mr. Ridgell was entitled to benefits was after October 2000. Mrs. Ridgell appealed the Regional Office's decision.

In October 2016, after remanding Mrs. Ridgell's case for further development, the Board denied her claims. With respect to service-connected benefits, the Board found that Mr. Ridgell "had no pending claim for service connection for any condition" when he died. J.A. 20. While Mr. Ridgell had sought service connection for his knee injury, this claim was denied in 1997, never appealed, and thus not pending when he died. Mr. Ridgell's service connection claim for his lymphoma was similarly denied in 1997 and again in 2002. And, according to the Board, neither of these decisions were ever appealed. As the Board explained:

> While the Veteran did submit a substantive appeal in July 2002, via a VA Form 9, he checked the box indicating that he had read the SOC and intended only those issues discussed below; he then discussed only the determination that his income was excessive so as to preclude payment of non-service-connected pension benefits from September 1997 through October 1998. There was no mention or suggestion that the Veteran intended at the time to complete an appeal of his claim of service connection for non-Hodgkin's lymphoma. There is no evidence of record to indicate the Veteran submitted a separate substantive appeal addressing service connection for non-Hodgkin's lymphoma within the required time period.

J.A. 24.

The Board also found that Mr. Ridgell had not filed a claim for non-service-connected benefits before October 3, 2000.  According to the Board, Mr. Ridgell's August 1997 claim "was claiming only service-connected compensation" and could "in no way be construed as a claim for non-service-connected benefits" because "he marked through each section pertaining to non-service-connected pension, writing either 'SC' or 'service connected.'"  J.A. 26.

Because Mr. Ridgell was not entitled to either service-connected benefits or non-service-connected pension benefits when he died, the Board concluded that Mrs. Ridgell was not entitled to any benefits either.  J.A. 22 ("For a surviving spouse to be entitled to accrued benefits, 'the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision.'" (quoting *Jones v. West*, 136 F.3d 1296, 1299 (Fed. Cir. 1998))).

The Board also acknowledged that Mrs. Ridgell had challenged the merits of the December 1997 rating decision, denying service connection for Mr. Ridgell's lym-

phoma. Because this decision is final, the Board construed Mrs. Ridgell's challenge as one based on clear and unmistakable error ("CUE"). It then dismissed her merits challenge so that the agency of original jurisdiction, *i.e.* the office where Mr. Ridgell's claims originated, could address Mrs. Ridgell's challenge.

The Veterans Court found no clear error in the Board's decision denying benefits to Mrs. Ridgell or its underlying factual findings. *Ridgell*, 2018 WL 2451829, at *3. Indeed, it essentially adopted the Board's reasoning with respect to the service-connected and non-service-connected benefits claims. *Id.*

The Veterans Court also concluded that it had no jurisdiction to consider Mrs. Ridgell's CUE challenge because the claim remained pending before the agency of original jurisdiction, where the Board had referred the matter.[2] *Id.* ("[T]he AOJ ha[s] not sent her a Statement of the Case relating to her CUE claim . . . the Court may not address the merits of the CUE matter or whether the appellant has submitted new and material evidence sufficient to reopen any claim.").

---

[2] The Veterans Court also explained that it lacked jurisdiction to consider whether the VA relied on "fraudulent relevant records" relating to another claim for accrued benefits, which stemmed from Mr. Ridgell's service but was filed by one of his ex-wives who claimed the two never divorced. *Ridgell*, 2018 WL 2451829, at *4. According to the Veterans Court, there was no dispute that the VA considered Mrs. Ridgell to be Mr. Ridgell's surviving spouse. *Id.* The government does not suggest otherwise on appeal. *See* Appellee's Br. at 1 ("Mrs. Ridgell is the surviving spouse of an Army veteran, Jerry Ridgell, who passed away in February 2004."), 9.

Mrs. Ridgell timely appealed. We have jurisdiction under 38 U.S.C. §§ 7292(a), (c).

## II. DISCUSSION

Mrs. Ridgell raises several challenges on appeal. First, Mrs. Ridgell argues that the Board erred in determining that there was no request for service-connected benefits pending when her husband died. Second, Mrs. Ridgell argues that the Board erred in concluding that her husband was not entitled to non-service-connected pension benefits before October 2000. Finally, Mrs. Ridgell challenges the merits of the December 1997 rating decision denying her husband service-connected benefits. As explained below, we do not have jurisdiction to review these issues.

### A. Service-Connected Benefits

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C § 7292(d)(2). Instead, our jurisdiction extends to "relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We review these legal conclusions *de novo*. *Wanless*, 618 F.3d at 1336.

"[I]n order for a surviving spouse to be entitled to accrued benefits, the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision." *Jones*, 136 F.3d at 1299. Mrs. Ridgell's claim therefore depends on whether Mr. Ridgell's request for service-connected benefits was "pending" when he died. The Board determined that it was not because Mr. Ridgell did not appeal the denial of service-connected benefits with

respect to either the December 1997 or October 2000 decision. Because this determination is a factual one, we lack the authority to review it absent a constitutional challenge or legal error. *See, e.g.*, *Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) ("Whether a veteran has raised a particular claim is a factual determination, outside the purview of our appellate authority."); *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) ("The interpretation of these prior filings is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination."). Neither are present here.[3]

## B. Non-Service-Connected Benefits

As explained above, Mrs. Ridgell's claim for non-service-connected benefits is derivative of her husband's claim. *See Jones*, 136 F.3d at 1299.

Mrs. Ridgell argues that the Board should have construed Mr. Ridgell's August 1997 request for benefits as both seeking service-connected *and* non-service-connected benefits. This would entitle her to an earlier effective date for pension benefits, covering a time when Mr. Ridgell's income may not have exceeded the statutory ceiling. But the Board's determination about which claims Mr. Ridgell raised in his August 1997 application is, again, a factual one. *See, e.g.*, *Ellington v. Peake*, 541

---

[3]    Mrs. Ridgell has challenged the merits of the December 1997 rating decision on constitutional grounds, arguing that the VA relied on fraudulent or deliberately altered documents in denying Mr. Ridgell benefits. But, as explained below, the merits of the December 1997 decision are not properly before us. To the extent Mrs. Ridgell argues that the VA relied on fraudulent or altered documents in addressing whether Mr. Ridgell's service-connected benefits claim was pending when he died, we disagree.

F.3d 1364, 1371 (Fed. Cir. 2008) ("[T]he interpretation of the contents of a claim for benefits [is] a factual issue over which we d[o] not have jurisdiction."); *see also* J.A. 26 ("A review of the record indicates that neither the Veteran, nor his representative, submitted any written correspondence which could be construed as a formal or informal claim of entitlement to non-service-connected pension benefits prior to October 3, 2000."). And so, while Mrs. Ridgell insists that the August 1997 request should be interpreted as seeking service-connected and non-service-connected benefits, we lack the authority to review the Board's interpretation of Mr. Ridgell's August 1997 filing. *See, e.g., Comer*, 552 F.3d at 1372; *Ellington v. Peake*, 541 F.3d at 1371; *Moody*, 360 F.3d at 1310.

## C. December 1997 Decision

Mrs. Ridgell argues that the VA made several errors in its December 1997 decision denying Mr. Ridgell service-connected benefits. The Board concluded that these challenges needed to be addressed by the agency of original jurisdiction, and it therefore dismissed her challenge to the merits of the December 1997 decision. J.A. 20; *see also* 38 C.F.R. § 19.9 ("The Board shall refer to the agency of original jurisdiction for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the agency of original jurisdiction, except for claims over which the Board has original jurisdiction."). Because the Board did not address these issues, the Veterans Court determined that it lacked jurisdiction to do so.[4] *Ridgell*,

---

[4] Even so, the Veterans Court encouraged Mrs. Ridgell "to provide the AOJ [in the other proceeding] with any evidence she has that indicates that the veteran was in fact deployed to the Republic of Vietnam and that the veteran was exposed to hazardous materials." *Ridgell*, 2018 WL 2451829, at *3. The record does not

2018 WL 2451829, at *3. We likewise lack jurisdiction to consider Mrs. Ridgell's challenges to the merits of the December 1997 decision, including her constitutional challenges, until they are addressed by the appropriate agency of original jurisdiction and appealed, if necessary, in that case. While this result unfortunately subjects Mrs. Ridgell to additional delay, it does not leave her without recourse. *Cf. Sucic v. McDonald*, 640 F. App'x 901, 904 (Fed. Cir. 2016) (non-precedential) ("We hold that the VA committed procedural error by failing to take action on the claim that was referred to it by the Board.").

## III. CONCLUSION

We have considered Mrs. Ridgell's remaining arguments and conclude that they do not identify issues over which we have jurisdiction to consider. Ultimately, Mrs. Ridgell has not identified legal error committed by the Veterans Court and we lack the authority to consider her factual challenges. We therefore *dismiss* her appeal.

**DISMISSED**

COSTS

No costs.

---

indicate whether she has done so, nor does it reference the status of Mrs. Ridgell's CUE claim.