NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7126

EULALIA I. DOLOR,

Claimant-Appellant,

v.

ANTHONY J. PRINCIPI, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: January 14, 2005

_____

Before CLEVENGER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

PER CURIAM.

The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board of Veterans Appeals' (Board's) decision that Ms. Eulalia I. Dolor was not entitled to dependency and indemnity compensation as the surviving spouse of a veteran, Mr. Santiago D. Dolor. Because Ms. Dolor raises no genuine legal or constitutional issue, this court lacks jurisdiction to review the Veterans Court's decision. Accordingly, Ms. Dolor's appeal to this court is <u>dismissed</u> for want of jurisdiction.[*]

---

[*] Dismissal leaves the Veterans Court opinion in full force.

BACKGROUND

Ms. Dolor is the widow of a veteran, Mr. Santiago D. Dolor, who served in the Philippine Commonwealth Army from November 1941 to July 1942 and August 1945 to February 1946.  Mr. Dolor was a prisoner of war (POW) interned by Japanese forces for four months from April 1942 to July 1942.  Mr. Dolor died in December 1989.

In March 1999, Ms. Dolor filed a claim for dependency and indemnity compensation (DIC) benefits with the VA regional office (RO).  In December 1999, the RO denied the claim because the evidence did not establish any relationship between the veteran's military service and the cause of his death.  Ms. Dolor filed a notice of disagreement.  In March 2001, the Board remanded the claim to the RO to address the applicability of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096.  In April 2002, after further development of Ms. Dolor's claim, the RO again denied the claim because the evidence failed to show that the veteran's cause of death was service connected.  Ms. Dolor appealed to the Board.

On August 8, 2002, the Board denied Ms. Dolor's claim for service connection for her husband's cause of death.  The Board found that the evidence showed that the immediate cause of death was pneumonia and the underlying cause of death was myocardial infarction.  The Board also found that the veteran, at the time of his death, was not service connected for any disability.  Furthermore, the Board found that the causes of the veteran's death were not present during service and were not otherwise related to his service.  The Board concluded that there was no basis upon which to establish service connection under the presumptive provisions applicable to former POWs.  The Board, therefore, concluded that a service-connected disability did not

04-7126                                    2

cause or contribute substantively or materially to Mr. Dolor's death. Accordingly, the Board denied Ms. Dolor's claim for entitlement to service connection for the cause of the veteran's death. Ms. Dolor appealed the Board's decision to the Veterans Court.

On December 3, 2003, the Veterans Court issued a decision affirming the Board's August 8, 2002 decision. The Veterans Court explained that there was a plausible basis in the record for the Board's finding that the veteran's cause of death was not directly connected to his service and did not meet the requirements for a statutorily presumed service-connected condition under 38 U.S.C. § 1112 or 38 C.F.R. § 3.309. The Veterans Court entered judgment on April 5, 2004. Ms. Dolor filed her notice of appeal to this court on May 24, 2004.

DISCUSSION

Pursuant to 38 U.S.C. § 7292(a), this court may review a determination of the Veterans Court with respect to a rule of law or the validity or interpretation of any statute or regulation relied upon by the Veterans Court in issuing a decision. In reviewing a Veterans Court decision, the court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

This court may review legal determinations of the Veterans Court under a de novo standard. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). Upon such review, the court may "affirm or, if the decision of the [Veterans Court] is not in accordance with law . . . modify or reverse the decision of the [Veterans Court] or . . . remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1). However, section 7292(d)(2) specifically provides that, except to the extent that an appeal from a Veterans Court decision presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

In affirming the Board's service connection determination, the Veterans Court applied well-established principles of the law on direct and presumptive service connection to the facts of the case. It did not interpret a statute or regulation.

Ms. Dolor alleges that her husband's myocardial infarction should be deemed service connected on a presumptive basis because he was a former POW. Pursuant to 38 U.S.C. § 7292(d), however, this court lacks jurisdiction to consider Ms. Dolor's appeal to the extent that she challenges a factual determination or the application of a law or regulation to the facts of the case.

The Board's decision to deny Ms. Dolor's claim was based upon its finding that the veteran's cause of death was not service connected on either a direct or a presumptive basis. The Board explained that the evidence did not show a relationship between a service connected disability and the pneumonia or acute myocardial infarction that caused his death. See 38 C.F.R. § 3.312 (service connection for cause of death). Also, the Board found that the medical evidence did not demonstrate a

diagnosis of beriberi, beriberi heart disease, or any other disease for which service connection may be established on a presumptive basis for former POWs. See 38 C.F.R. § 3.309(c) (establishing a presumption of service connection for certain former POWs for beriberi heart disease, which includes ischemic heart disease in a former POW who experienced localized edema during captivity). Accordingly, the Board denied entitlement to service connection for the cause of the veteran's death.

The Board's service-connection determination was a finding of material fact subject to review by the Veterans Court under the clearly erroneous standard. See 38 U.S.C. § 7261(a)(4); Lennox v. Principi, 353 F.3d 941, 945 (Fed. Cir. 2003) ("a finding of service connection or lack thereof is similar to a finding of negligence–a finding that is treated as factual in nature when it involves applying established law to the facts at issue without creating legal precedent"). On appeal, the Veterans Court found that the evidence in the record provided a plausible basis for the Board's denial of service connection and concluded that the Board's decision was not clearly erroneous.

The Board and the Veterans Court applied the established law on direct and presumptive service connection to the facts at issue. The Veterans Court affirmed the Board's finding that the evidence was insufficient to establish service connection on either a direct or presumptive basis. This court lacks jurisdiction to determine whether in a particular case the application of the established law to the facts passed muster under the clearly erroneous standard. See 38 U.S.C. § 7292(d)(2); Jefferson v. Principi, 271 F.3d 1072, 1076 (Fed. Cir. 2001) (dismissing for lack of jurisdiction a veteran's challenge to a denial of service connection on a presumptive basis for beriberi heart

disease where appellant's dispute with the Board's service connection determination was essentially a quarrel with the Board's fact-finding ability).

Although beriberi heart disease, including ischemic heart disease accompanied by edema during captivity, is indeed recognized as a presumptive disability pursuant to 38 C.F.R. § 3.309, the Veterans Court specifically noted that there was no evidence in the record, other than Ms. Dolor's assertion, to support the claim that the veteran ever suffered from such a condition. This court lacks jurisdiction to review this factual finding.

Ms. Dolor contends the Veterans Court decided a constitutional issue by failing to apply all pertinent law related to POWs, including 38 C.F.R. § 3.309(c). When considering whether an appeal falls within its jurisdiction, this court looks to the substance of the issue presented rather than a party's characterization of the question. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). This court stated in Helfer that the appellant's "characterization of [the] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." Id.

In this case, Ms. Dolor does not address any constitutional issue that the Veterans Court decided, or explain how the Veterans Court's action may have violated her constitutional rights. Her dispute with the Veterans Court's application of section 3.309(c) to the facts of her case does not amount to a constitutional challenge within this court's jurisdiction. Finally, this court finds all other arguments raised by Ms. Dolor unpersuasive. Consequently, this court dismisses Ms. Dolor's appeal to this court for want of jurisdiction.