NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7060

JOHN C. JOHNSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

John C. Johnson, of Las Vegas, Nevada, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Christa A. Childers, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7060

JOHN C. JOHNSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2212, Judge Mary J. Schoelen.

_____

DECIDED: July 10, 2009

_____

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

## DECISION

John C. Johnson appeals from the final decision of the Court of Appeals for Veterans Claims (the "Veterans Court") affirming the denial of an earlier effective date for his claim for service connection for diabetes mellitus by the Board of Veterans' Appeals (the "Board"). Johnson v. Shinseki, No. 06-2212 (Vet. App. Jan. 28, 2009). Because Johnson is appealing factual determinations not within our jurisdiction, we dismiss.

BACKGROUND

Johnson served on active duty in the U.S. Marine Corps from July 1962 to October 1966 and was exposed to Agent Orange during his service. The Department of Veterans Affairs (the "VA") received his initial claim for service connection for diabetes mellitus, which was dated May 8, 2002, on May 31, 2002. In January 2003, a VA regional office awarded Johnson service connection for diabetes mellitus and assigned a disability rating of 20 percent, effective May 8, 2001.

On appeal, the Board denied an earlier effective date, finding that <u>Nehmer v. United States Veterans' Administration</u>, 712 F. Supp. 1404 (N.D. Cal. 1989), did not entitle Johnson to an earlier effective date. <u>Nehmer</u> invalidated a VA regulation that denied service connection for all diseases but chloracne following exposure to Agent Orange. Under a new regulation implementing the <u>Nehmer</u> decision, 38 C.F.R. § 3.816, diabetes mellitus was added as a disease presumptively caused by in-service exposure to Agent Orange with an effective date of May 8, 2001. The Board noted that Johnson's claim was not received until May 31, 2002, and thus fell under 38 C.F.R. § 3.816(c)(4), which requires the effective date to be determined under 38 C.F.R. §§ 3.114 and 3.400. Under 38 C.F.R. § 3.114(a)(3), the Board concluded that an effective date prior to May 8, 2001, was not warranted.

Johnson appealed to the Veterans Court, arguing again that <u>Nehmer</u> required the VA to award him an effective date prior to May 8, 2001, for service connection for diabetes mellitus. On January 28, 2009, the Veterans Court upheld the Board. Like the Board, the Veterans Court stated that although Johnson was a <u>Nehmer</u> class member, he was not entitled to an earlier effective date under 38 C.F.R. § 3.816(c)(1) or (c)(2)

because he did not have a claim for service connection for diabetes mellitus pending before May 8, 2001. The Veterans Court then reviewed the application of 38 C.F.R. § 3.114, as prescribed under 38 C.F.R. 3.816(c)(4), and determined that the effective date of May 8, 2001 was correct. The Veterans Court found Johnson's other arguments, including violations of the First, Fifth, and Ninth Amendments to the U.S. Constitution and improper exclusion of documents from the record, to be meritless.

Johnson timely appealed the Veterans Court's decision to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a decision of the Veterans Court is limited to the "validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a). We must decide "all relevant questions of law" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" that we find "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Except for an appeal that presents a constitutional issue, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In the instant action, Johnson raises a number of allegations of wrongdoing in his briefing but fails to provide any argument that can serve as a basis for our jurisdiction. He argues that the effective date assigned to his claim for service connection for diabetes mellitus was incorrect under Nehmer. But rather than alleging legal error, Johnson primarily focuses on the Veterans Court's exclusion of medical and historical evidence relating to herbicide poisoning that he contends establish his right to an earlier effective date, a factual challenge that does not fall within our jurisdiction. 38 U.S.C. § 7292(d)(2). To the extent that he argues that Nehmer was misapplied to the facts of his case, we do not have jurisdiction to review that issue either. Id.; see also Wells v. Principi, 326 F.3d 1381, 1384 (Fed. Cir. 2003) (citing same in finding a challenge to an evidentiary ruling by the Veterans Court to be outside of our jurisdiction). Furthermore, the Veterans Court did not purport to decide any constitutional issues, and Johnson's allegations of violations of his First, Fifth, and Ninth Amendment rights on appeal are generalized grievances of unfair treatment, many of which are unrelated to his claim for an earlier effective date. Because his assertions do not raise genuine constitutional issues, they also do not present an opportunity for our review of the facts or application of law or regulation to fact. 38 U.S.C. § 7292(d)(2); see also Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The] characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

Thus, Johnson's appeal does not challenge the validity of any statute or regulation, nor does his appeal raise any genuine constitutional issue that could form the basis for our jurisdiction. Accordingly, we dismiss.

COSTS

2009-7060

-4-

<u>No costs</u>.

2009-7060