NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HARRIET H. KRINER,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2076

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-774, Judge Scott Laurer.

---

Decided: March 31, 2022

---

HARRIET H. KRINER, Taneytown, MD, pro se.

ANDREW JAMES HUNTER, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, TARANTO and HUGHES, *Circuit Judges*.

PER CURIAM.

Harriet H. Kriner, the surviving spouse of Army veteran Delbert Kriner, sought accrued benefits and burial benefits from the Department of Veterans Affairs (VA) following Mr. Kriner's death. VA's agency of original jurisdiction denied the claims, and the Board of Veterans' Appeals agreed. The Board denied the claim for accrued benefits because it determined that Mr. Kriner had no pending claim with VA on the date of his death, and it denied the claim for burial benefits because it determined that Mr. Kriner had not been found to have any service-connected disability at the time of his death and did not meet any criteria for non-service-connected burial benefits. The Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's ruling. *Kriner v. McDonough*, No. 20-0774, 2021 WL 751539 (Vet. App. Feb. 26, 2021); Appx. 2–14.

Mrs. Kriner appeals. We vacate the Veterans Court's decision regarding the claim for accrued benefits and remand for further consideration. We affirm the Veterans Court's decision regarding the claim for burial benefits.

I

We recite the background facts based on the factual findings and premises set forth by the Board and the Veterans Court, which we lack jurisdiction to question in this case. Mr. Kriner served in the United States Army from May 1954 to May 1957. In 1992, he was awarded a non-service-connected pension based on his financial need and wartime service, pursuant to 38 U.S.C. § 1521. *Kriner*, 2021 WL 751539, at *1; Appx. 57. In 2001, his pension rate was increased based on his need for aid and attendance. Appx. 54–56. The statute provides for reduction of such a pension by the veteran's annual income. *See* 38 U.S.C.

§ 1521(b)–(d).  In May 2010, VA discovered that Mr. Kriner had unreported income and proposed an adjustment of the pension.  Appx. 45.  VA sought eligibility information and financial statements from Mr. Kriner and notified him that the pension would be terminated if he did not reply in 60 days.  Mr. Kriner did not respond within that time, and VA terminated the pension in July 2010, effective retroactively to January 2007.  *Id.*  It assessed a debt of $80,895 against Mr. Kriner, based on payments it had made to him that it now determined he should not have received.

Mr. Kriner sought both a reinstatement of his pension and a waiver of the debt.  In December 2010, he provided the requested financial statements to VA, but the statements omitted certain information.  VA denied the waiver request in August 2011, and Mr. Kriner paid the debt in full.  Appx. 44–47.  Mr. Kriner did not appeal VA's denial of the waiver request.  As to the reinstatement request, VA requested additional financial information, Appx. 51–53, but Mr. Kriner did not submit the requested information and VA subsequently denied reinstatement, Appx. 48–50.

Between 2011 and 2015, Mr. Kriner made at least four additional submissions to VA seeking reinstatement of his pension.  Each time, VA denied reinstatement due to Mr. Kriner's failure to submit required information.  *See* Appx. 42–43; Appx. 39–41; Appx. 35–38; Appx. 33–34.  On March 23, 2015, Mr. Kriner submitted a letter to VA asking it to repay the $80,895 sum as well as his "service connected pension and aid and attendance plus aggravation."  Appx. 32.  VA received this letter on March 26, and sent Mr. Kriner a response in October 2015, acknowledging that it received Mr. Kriner's correspondence "indicating that [he] would like to file a claim," but explaining that "VA regulations now require all claims to be submitted on a standardized form."  Appx. 29–31; *see* 38 C.F.R. § 3.155 (2015).

Mr. Kriner passed away in January 2016—which, we note, was less than a year after his March 2015 letter.

After his death, Mrs. Kriner submitted a new application for service-connected disability compensation and applied for accrued benefits and burial benefits. VA denied the claims. Mrs. Kriner appealed to the Board, which affirmed VA's denial. Appx. 20–26. The Board determined that Mrs. Kriner was not eligible for accrued benefits because Mr. Kriner did not have a pending claim on the date of his death. Appx. 22–24. And the Board determined that Mrs. Kriner was not eligible for burial benefits because Mr. Kriner did not die at a VA facility and, at the time of his death, had no finding of service-connection for any disability and was not receiving compensation from VA. Appx. 24–25.

Mrs. Kriner appealed to the Veterans Court, which affirmed the Board's decision. *Kriner*, 2021 WL 751539*,* at *8. The Veterans Court agreed with the Board that Mr. Kriner had no pending claim on the date of his death, explaining that his request for waiver was finally adjudicated in 2011, his informal applications for reinstatement submitted between 2011 and 2015 were subsequently abandoned, his March 2015 submission did not meet the regulatory requirements of a claim, and Mrs. Kriner's new application for disability compensation was filed after Mr. Kriner's death. *Id.* at *3–7. The Veterans Court also affirmed the Board's ruling that Mrs. Kriner was not eligible for burial benefits, approving the Board's rationale. *Id.* at *7–8. After unsuccessfully seeking reconsideration, Mrs. Kriner timely appealed.

II

This court's jurisdiction to review decisions of the Veterans Court, defined by 38 U.S.C. § 7292, is limited. We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual

determination or a challenge to the application of a law or regulation to the facts of a particular case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

## A

The pertinent statute governing accrued benefits provides, as relevant here, that

> periodic monetary benefits . . . under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death (hereinafter in this section and section 5122 of this title referred to as "accrued benefits") and due and unpaid, shall, upon the death of such individual be paid . . . [u]pon the death of a veteran, to . . . [t]he veteran's spouse.

38 U.S.C. § 5121(a). Although that provision does not itself make an express reference to the deceased veteran's having a claim to the benefits at issue on file at the time of death, in *Jones v. West*, 136 F.3d 1296 (Fed. Cir. 1998), we held that § 5121 must be read together with 38 U.S.C. § 5101(a), which provides that a "specific claim in the form prescribed by the Secretary . . . must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary." We held: "Reading sections 5101 and 5121 together compels the conclusion that, in order for a surviving spouse to be entitled to accrued benefits, the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision." *Jones*, 136 F.3d at 1299. We declared this "the plain meaning of the statutory provisions at issue." *Id.* at 1299 n.2.

It is undisputed that Mr. Kriner had no relevant existing rating or decision for the benefits now at issue in Mrs. Kriner's claim for accrued benefits. But Mrs. Kriner

argued in the proceedings on review here, and argues before us, that she is entitled to accrued benefits based on an unadjudicated claim she alleges Mr. Kriner had on file at the time of Mr. Kriner's death. Appellant's Inf. Br. at 68. The Veterans Court rejected that premise, concluding (based on the Board's findings of fact) that Mr. Kriner had no pending claim for benefits on or before his death in January 2016. *Kriner*, 2021 WL 751539, at *3–7.

The Veterans Court affirmed the Board's determinations as to each of Mr. Kriner's submissions filed with VA from 2010 to 2015. The rulings on three sets of those submissions raise no question within our limited jurisdiction. First, the Veterans Court explained that Mr. Kriner's October 2010 request for waiver of the debt was finally adjudicated in 2011 and there was no record evidence of an appeal. *Kriner*, 2021 WL 751539, at *5. Second, the Veterans Court explained that Mr. Kriner's various applications for reinstatement of his pension submitted to VA between 2011 and 2014 were informal claims that were abandoned because VA did not receive, within one year, a formal application on the required forms. *Id.* at *5–6 (citing 38 C.F.R. § 3.155(a) (2014); *id.* § 3.158(a) (2020)). Third, the Veterans Court explained that the application for service-connected disability that Mrs. Kriner filed was received after Mr. Kriner's death, and thus was not pending on or before the date of his death. *Id.* at *7. Those determinations raise no issue of interpretation of a statute or regulation or other rule of law, but concern at most the application of (non-constitutional) legal rules to the facts of this case, which we lack jurisdiction to review.

What remains to be considered, as to the accrued benefits issue, is the Veterans Court's treatment of Mr. Kriner's March 2015 letter to VA. We liberally construe Mrs. Kriner's brief as presenting challenges to two legal conclusions the Veterans Court reached in holding that the March 2015 submission was legally insufficient for purposes of 38 U.S.C. § 5121.

As noted above, on March 23, 2015, Mr. Kriner sent a letter to VA asking it to repay the $80,895 sum he had paid back to VA and also to pay him unpaid amounts of the "pension and aid and attendance" to which he asserted entitlement; and VA received the letter on March 26, 2015. Appx. 32. VA responded to Mr. Kriner and explained that, under VA regulations effective March 24, 2015, all claims had to be submitted on a standard form. Appx. 29–31; *see* 38 C.F.R. § 3.155 (2015). Mr. Kriner passed away within one year of his March 2015 submission, without making any additional filings to VA.

The Veterans Court relied on two legal conclusions in holding that Mr. Kriner's informal correspondence received by VA on March 26, 2015 did not suffice for purposes of 38 U.S.C. § 5121, as applied together with 38 U.S.C. § 5101 in *Jones*. First, the Veterans Court determined that regulations on the filing of claims that took effect March 24, 2015, applied to the correspondence that was mailed one day earlier (March 23, 2015) but not received by VA until March 26, 2015. *Kriner*, 2021 WL 751539*, at *4 (citing 38 C.F.R. § 3.155(a) (2015)). Second, it determined that (a) under those regulations, Mr. Kriner's correspondence was "at most, an intent to file a claim" and (b) such an intent-to-file submission was insufficient because a veteran had to have on file at death a "claim," on "a standardized form requesting a VA benefit," in order for a surviving spouse later to obtain accrued benefits. *Id.* at *5.

We see no legal error in the Veterans Court's first conclusion—that VA regulations effective March 24, 2015, govern a submission received by VA on March 26, 2015, even if the submission was allegedly mailed before that date. The Federal Register publication explaining the final rule explains that the regulation applies "only with respect to claims and appeals *filed* 180 days" after the date of publication of the final rule, which was September 25, 2014—making the effective date March 24, 2015. *Standard Claims and Appeals Forms*, 79 Fed. Reg. 57,660, 57,686

(Sept. 25, 2014) (emphasis added).  We have been shown no legal error in the Veterans Court's conclusion that, for this purpose, a claim is properly viewed as "filed" when received, as VA regulations provide in related contexts.  *See Kriner*, 2021 WL 751539, at *4–5 (citing 38 C.F.R. § 3.155(a) (2014) (formal claim received within one year of VA's mailing of formal application form is "considered filed as of the date of receipt of the informal claim"); 38 C.F.R. § 3.155(d)(1) (2015) (complete claim received within one year of intent to file is "considered filed as of the date of receipt of the intent to file a claim")).  We thus affirm the Veterans Court's ruling that the new, intent-to-file regulations applied to Mr. Kriner's submission, received after March 24, 2015.

We next consider the Veterans Court's conclusion that an "intent to file a claim" under 38 C.F.R. § 3.155(b) (2015), even if submitted less than one year before a veteran's death, is insufficient to provide a basis for a surviving spouse to seek accrued benefits.  Importantly, submission of an "intent to file a claim" under the regulation, if followed within one year by the filing of a "complete claim" (which must be submitted on the application form prescribed by the Secretary, 38 C.F.R. § 3.155(b) (2015); 38 C.F.R. § 3.1(p) (2015)), means that any benefits awarded on the claim can have an effective date as early as the submission of the "intent to file a claim," 38 C.F.R. § 3.155(d)(1) (2015).  Here, the Veterans Court assumed that Mr. Kriner's March 2015 submission was an "intent to file a claim." *Kriner*, 2021 WL 751539, at *5 (stating that submission was "at most, an intent to file a claim," and proceeding on the premise that it was an intent to file a claim).  One year had not elapsed after that date when Mr. Kriner died in January 2016.  Accordingly, in holding the March 2015 submission legally insufficient for Mrs. Kriner to seek accrued benefits, the Veterans Court necessarily concluded that only a pending "complete claim," not a qualifying "intent to file a claim" (even one that still could have matured

into a timely complete claim), would have entitled Mrs. Kriner to seek accrued benefits under 38 U.S.C. § 5121.

That legal conclusion is within our jurisdiction to review. Unlike with the effective-date legal issue, however, we do not affirm the Veterans Court's conclusion. Instead, we explain why the Veterans Court's opinion does not supply a sufficient basis for that legal conclusion, but we stop short of deciding the legal issue, which calls for further analysis than has been provided and which might not have to be decided in this case.

First, although the Veterans Court relied on our 1998 decision in *Jones*, that decision does not resolve the issue. In that case, we did not have before us, and did not decide, an issue as to whether particular submissions that fall short of a complete claim sufficed for purposes of § 5121. We did not address the "intent to file" regime of 2015, and we did not address even the sufficiency of "informal claims" under the prior filing regime, 38 C.F.R. § 3.155 (2014). As to the latter, we note, the Veterans Court seems to have assumed that an "informal claim" would in fact have sufficed for § 5121 purposes. *See Kriner,* 2021 WL 751539, at *6 (explaining that "the veteran had no pending informal claim" for reinstatement because his submissions to VA prior to March 2015 were abandoned).

Second, we have been pointed to no VA regulation that answers the present question. Neither the Veterans Court's opinion nor the Secretary's brief in this court cites any regulation that even directly declares the requirement we held in *Jones* to be required by the plain language of 38 U.S.C. §§ 5121(a), 5101(a), let alone further defines what constitutes a sufficient submission for § 5121 purposes.

Third, if we look at the two statutes interpreted in *Jones*, it is, at a minimum, not clear that the answer to the question now before us is dictated by those statutes. Section 5121 does not expressly refer to a "claim," but, as relevant here, requires only that the veteran was "entitled at

death" to certain benefits or that "evidence in the file at date of death" entitled the veteran to those benefits. 38 U.S.C. § 5121(a); *see also* 38 C.F.R. § 3.1000(d)(4) ("evidence in the file at date of death" defined as "evidence in VA's possession on or before the date of the beneficiary's death . . . *in support* of a claim for VA benefits pending on the date of death" (emphasis added)). Section 5101, which is the source of the *Jones* "claim" holding, addresses only the time at which benefits are distributed by the Secretary: it requires that a specific claim "must be filed in order for benefits to be *paid* or *furnished*." 38 U.S.C. § 5101(a)(1) (emphasis added). That requirement does not demand that, for § 5121 purposes, the veteran had to have on file something more than a submission that, at the time of death, still was legally eligible to mature into a complete claim that, if successful, would provide benefits back to the time of the submission—which, under § 5101, the Secretary could pay.

The foregoing considerations raise questions about the Veterans Court's legal conclusion regarding the insufficiency, for purposes of § 5121, of an "intent to file a claim" that qualifies under the governing regulation and was submitted less than one year before the veteran's death. We do not go further, however, and resolve the issue. We think that more analysis than has yet been presented is needed to resolve the issue, including more analysis of the "intent to file a claim" regime adopted in the 2015 regulations. That is one reason for a remand of the accrued-benefits issue in this case.

A second reason is that the legal issue just discussed may not have to be resolved in order to decide Mrs. Kriner's case (against her). The Veterans Court merely assumed, but did not decide, that Mr. Kriner's March 2015 submission was actually a qualifying "intent to file a claim" under the regulation. *Kriner*, 2021 WL 751539, at *5. The pertinent regulation provides for an intent to file a claim to be submitted in one of three ways: a saved electronic

application; a written submission on a form prescribed by
the Secretary; or an oral communication to designated VA
personnel that is recorded in writing.    38 C.F.R.
§ 3.155(b)(1)(i)–(iii) (2015); *see also Veterans Just. Grp.,
LLC v. Sec'y of Veterans Affs.*, 818 F.3d 1336, 1351–52 (Fed.
Cir. 2016) (discussing the three methods of submitting an
intent to file).  The Veterans Court described Mr. Kriner's
March 2015 submission as an "informal communication,"
*Kriner*, 2021 WL 751539, at \*4, but it did not determine
that Mr. Kriner's submission comes within any of the three
regulatory categories.  Nor did the Veterans Court decide
that the three methods recited in 38 C.F.R. § 3.155(b)(1)
are the only proper methods for submitting a qualifying in-
tent to file.  If Mr. Kriner's March 2015 submission did not
qualify as an intent to file under the regulation, the prem-
ise of the Veterans Court's legal conclusion (concerning the
insufficiency for § 5121 of a qualifying intent to file a claim)
would not be satisfied in this case.  In that event, Mrs.
Kriner's accrued-benefits claim might be held to fail with-
out having to resolve the legal issue we have discussed.

We vacate the Veterans Court's decision regarding ac-
crued benefits, and we remand for further proceedings.  We
leave it to the Veterans Court to decide what issues need
and should be addressed.[1]

B

Mrs. Kriner additionally alleges that she is entitled to
burial benefits.  Appellant's Inf. Br. at 19.  Veterans are
eligible for burial and funeral expenses when a veteran
dies as the result of a service-connected disability, 38

---

[1]    No issue has been raised in this court about the
meaning and significance of 38 C.F.R. § 3.155(a) (2015),
concerning a "request for an application form for benefits."
We note this provision without either foreclosing or requir-
ing its consideration on remand in this case.

U.S.C. § 2307, which may be presumed if the veteran was rated totally disabled for a service-connected disability at death, *see* 38 C.F.R. § 3.1704(b). As the Veterans Court explained, Mr. Kriner had received no determination of service-connected disability at his death, service connection was not required for or determined in awarding the pension he had received from 1992 to 2007, and there was no evidence that he died of a service-connected disability. *Kriner*, 2021 WL 751539*,* at *7. Mrs. Kriner's challenge to those factual findings, *see* Appellant's Inf. Br. at 71, is not within our jurisdiction, *see Dolor v. Principi*, 123 F. App'x 988, 990 (Fed. Cir. 2005) (explaining that a determination that a veteran's death is not service-connected is a factual finding we cannot review).

Congress has also provided for VA payment of burial and funeral expenses for a veteran whose death was non-service-connected when the veteran, on the date of death, 1) was receiving VA pension or disability compensation, 2) would have been receiving compensation but for receipt of retired pay, or 3) had certain pending "claims" on the date of death, accompanied by evidence "sufficient to grant" the claim or that "results in the grant" of the claim. 38 C.F.R. § 3.1705(b); *see* 38 C.F.R. § 3.1(p) (requiring "claim" to be "submitted on an application form prescribed by the Secretary"). Mrs. Kriner argues that Mr. Kriner satisfied the third criteria. But the Veterans Court affirmed the Board's factual determination that there was no evidence that Mr. Kriner had a pending claim for benefits that was ultimately granted. *Kriner*, 2021 WL 751539*,* at *7. We see no legal question within our jurisdiction raised by that ruling.

Finally, VA will pay burial and funeral expenses for non-service-connected death when a veteran "died while hospitalized by VA," 38 C.F.R. § 3.1706, including when a veteran "[w]as properly admitted to a VA facility," *id.* § 3.1706(b)(1). The Veterans Court affirmed the Board's undisputed factual finding that Mr. Kriner died at a

private facility. *Kriner*, 2021 WL 751539, at *8. Mrs. Kriner alleges, however, that Mr. Kriner was turned away from a VA facility before his death. The Veterans Court did not determine whether that fact was true or supported, because it determined that Mr. Kriner would not fall within the regulation's coverage regardless.

We liberally construe Mrs. Kriner's brief as presenting a legal argument that 38 C.F.R. § 3.1706 should be interpreted to authorize burial benefits when a veteran was turned away from a VA facility prior to his death. There is no basis for that interpretation in the text of the regulation, under which a veteran is treated as "hospitalized by VA" only in narrowly defined circumstances, such as when a veteran is "properly admitted to a VA facility," "transferred or admitted" to certain facilities under the authority of various statutes, or on authorized or unauthorized absences from VA facilities for less than 96 or 24 hours, respectively. 38 C.F.R. § 3.1706(b). Mrs. Kriner's reading does not fit the regulation. Thus, we affirm the court's determination that Mrs. Kriner was not entitled to burial benefits.

C

Mrs. Kriner argues that VA violated Mr. Kriner's Fourth Amendment rights by conducting a warrantless search without probable cause. Appellant's Inf. Br. at 4–8. But that argument has no relation to her benefits claims. This court accordingly lacks jurisdiction over this constitutional argument. *See Johnson v. Shinseki*, 340 F. App'x 649, 651 (Fed. Cir. 2009) (holding that allegations of violations of constitutional rights unrelated to the benefits claims at issue were not genuine constitutional issues that would invoke this court's jurisdiction).

III

For the foregoing reasons, we affirm the Veterans Court's decision as to burial benefits, vacate its decision as

to accrued benefits, and remand for further proceedings consistent with this opinion.

The parties shall bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**